J-S47015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES L. SAUNDERS | |
| Appellant | No. 1504 EDA 2013 |

Appeal from the Judgment of Sentence April 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0903039-2006

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                **FILED AUGUST 29, 2014**

Appellant, Charles L. Saunders, appeals from the April 18, 2013 judgment of sentence of three and one-half to seven years' imprisonment, imposed following the revocation of his probation.  After careful review, we affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> On September 15, 2008, [A]ppellant entered a plea of *nolo contendre* to indecent assault, simple assault and criminal trespass before the Honorable Karen Shreeves Johns and was sentenced to time served to 23 months['] incarceration followed by six years['] reporting probation.  Appellant was also ordered to submit to random drug screens and a stay away order was issued for the victim.  On July 21, 2009, [the trial court] revoked [A]ppellant's probation, but ordered that [A]ppellant could be released to New Jerusalem Now drug treatment

program when a bed became available. Appellant was transported to New Jerusalem Now on October 30, 2009. On February 3, 2010 [A]ppellant's probation/parole was again revoked[;] however, sentencing was deferred pending the results of a mental health evaluation. Based upon the results of the mental health evaluation, [A]ppellant's case was transferred to Mental Health Court which is administered and supervised by th[e trial c]ourt.

On July 1, 2010, [A]ppellant was sentenced to a new term of 11 ½ [to] 23 months['] incarceration followed by 6 years['] probation with parole to a program when a bed became available. On July 21, 2011 [A]ppellant was again found in violation and re-sentenced to 6 [to] 23 months['] incarceration followed by 5 years['] probation with parole to a long[-]term inpatient program when a bed became available. On October 13, 2011, [A]ppellant was paroled to an inpatient treatment program at Walnut Manor House and the case was listed for status [conference] on November 17, 2011. On that date, [A]ppellant failed to appear in court as scheduled and a bench warrant was issued[ for his arrest]. On January 5, 2012, following a hearing, [A]ppellant was found in violation of his parole and sentenced to do his back time plus 5 years['] probation.

On August 1, 2012, [A]ppellant was released to an inpatient treatment program at Gaudenzia New Beginnings (Gaudenzia). On September 19, 2012, Gaudenzia contacted [A]ppellant's probation officer, Dana Ross, to report that [A]ppellant's negative behaviors had been escalating. On October 9, 2012, Officer Ross received a report from Gaudenzia that [A]ppellant had become verbally and physically aggressive towards staff. Then[,] on October 16, 2012, Officer Ross received information from Gaudenzia that [A]ppellant was attempting to contact the victim of his sexual assault through the mail, a violation of the stay[-]away order. Therefore, Officer Ross took [A]ppellant into custody and a violation hearing was scheduled. However, before the hearing could take place, [A]ppellant was

determined to be incompetent[] and remained hospitalized until he was found to be competent on April 11, 2013. On April 18, 2013, a violation hearing was conducted where the aforementioned evidence was presented. Appellant was found in violation of his probation and sentenced to an aggregate sentence of 3 ½ [to] 7 years['] incarceration and removed from the supervision of Mental Health Court.

Trial Court Opinion, 8/5/13, at 1-3 (internal citations omitted). A timely motion to reconsider sentence was filed on April 29, 2013, which was left unresolved by the trial court.[1] This timely notice of appeal followed on May 17, 2013.[2]

On appeal, Appellant raises the following issue for our review.

1. Did [] the [trial] court fail to properly weigh [Appellant's] rehabilitative needs (largely in terms of the [Appellant's] significant health issues) versus the safety of the public, find violations on the basis of evidence of question probative value and imposes an excessive and unreasonable sentence which was disproportionate to those alleged violations, and impose a sentence contrary to the norms

_____

[1] A motion to modify or reconsider sentence following revocation of probation must be filed within ten days of sentencing. **See** Pa.R.Crim.P. 708(E) (stating, "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition … [and t]he filing of a motion to modify sentence will not toll the 30-day appeal period[]"). The tenth day following trial court's order was April 28, 2013, which was a Sunday. Therefore, Appellant's motion filed on Monday, April 29, 2013 was timely. **See** 1 Pa.C.S.A. § 1908 (providing that when the last day of a calculated period of time falls on a Saturday or Sunday, such day shall be omitted from the computation).

[2] Appellant and the trial court have timely complied with Pa.R.A.P 1925.

> of sentencing (including the requirements for a sentence of total incarceration pursuant to 42 Pa.C.S.[A.] § 9771(c)), where the [trial] court imposed a [sentence] of 3 ½ to 7 years[' imprisonment] for technical violations?

Appellant's Brief at 4.

Our standard of review in assessing a sentence imposed following the revocation of probation is well settled.

> In considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Williams*, 997 A.2d 1205, 1208 (Pa. Super. 2010) (citations omitted). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*) (citation omitted), *appeal denied*, 8 A.3d 341 (Pa. 2010). Furthermore, "review of a discretionary sentencing matter after revocation proceedings is encompassed by the scope of this Court's review."

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).

Before addressing the merits of Appellant's issues, we must ascertain whether this appeal is properly before us. Pennsylvania Rule of Appellate Procedure 1925(b), by its text, requires Rule 1925(b) statements to "identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P 1925(b)(4)(ii). The Rule also provides that "[e]ach error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court …." *Id*. at 1925(b)(4)(v). Finally, any issues not raised in accordance with Rule 1925(b)(4) will be deemed waived. *Id*. at 1925(b)(4)(vii).

Our Supreme Court has held that Rule 1925(b) is a bright-line rule.

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the rule. We yet again repeat the principle first stated in

> [**Commonwealth v.**] **Lord**, [719 A.2d 306 (Pa. 1998)] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." [**Id.**] at 309

**Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (footnote omitted).

Of the four separate claims Appellant raises in the instant appeal, the Commonwealth avers two are waived. First, the Commonwealth argues that Appellant waived his claim, that the trial court failed to consider his rehabilitative needs because he did not include it within his Rule 1925(b) statement. Commonwealth's Brief at 8. Upon careful review, we agree with the Commonwealth that Appellant's rehabilitative needs claim is waived. Appellant's Rule 1925(b) statement is devoid of any reference to the trial court's failure to consider his rehabilitative needs. This Court has repeatedly held, that "any appellate issues not raised in a compliant Rule 1925(b) statement will be deemed waived." **Commonwealth v. Johnson**, 51 A.3d 237, 246 (Pa. Super. 2012) (citation omitted), *appeal denied*, 63 A.3d 1245 (Pa. 2013). Therefore, we conclude Appellant's first claim is waived.

We also deem Appellant's second claim arguing that the trial court "found violations on the basis of evidence of questionable probative value[]" is also waived for failure to include it in his Rule 1925(b) statement. Appellant's Brief at 12; **see also Hill**, **supra**. Herein, Appellant's issue of "evidence of a questionable probative value" regarding sentencing was not

raised in the Appellant's Rule 1925(b) statement. Appellant's Brief at 12. Therefore, we deem this claim waived as well.

The remaining two issues raised by Appellant are that his sentence was disproportionate to the technical nature of his violations and that the trial court imposed a sentence of total incarceration without complying with 42 Pa.C.S.A. § 9771(c). Appellant's Brief at 12-14. We note that Appellant does not challenge the legality of his sentence. Rather, Appellant's arguments pertain to the discretionary aspects of his sentence.

"It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Edwards*, 71 A.3d 323, 329 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008).

> [Therefore, b]efore we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on

the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Edwards*, *supra* at 329-330 (citations omitted).

Herein, Appellant first argues that the sentence was disproportionate to the technical nature of the violations. Appellant's Brief at 13-14. Second, Appellant argues that trial court imposed a sentence of total incarceration without complying with Section 9771(c). *Id*. at 12-13. Appellant's claims are in compliance with the technical requirements to challenge the discretionary aspects of a sentence. *See Edwards*, *supra* at 330. Appellant has filed a timely notice of appeal, raised these claims in a timely motion for reconsideration of sentence, and has included a separate Rule 2119(f) statement. *See* Appellant's Brief at 4. Therefore, we turn to the substantial question analysis on these claims.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *See Edwards*, *supra* (citations omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citations omitted).

Initially, Appellant argues that "the probative value of the alleged violation was low, and out of proportion to the sentence." Appellant's Brief

at 15. This Court has held that "it is well established that a claim of excessiveness of sentence does not raise a substantial question so as to permit appellate review where the sentence is within the statutory limits." ***Commonwealth v. Kraft***, 737 A.2d 755, 757 (Pa. Super. 1999), *appeal denied*, 747 A.2d 366 (Pa. 1999). However, "a claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a [substantial] question that we should review." ***Commonwealth v. Carver***, 923 A.2d 495, 497 (Pa. Super. 2007) (citations omitted). Additionally, Appellant argues that his sentence "was contrary to the mandates of Section 9771(c)." Appellant's Brief at 15. This Court has likewise held that a trial court's failure to comply with Section 9771(c) raises a substantial question. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006). Accordingly, Appellant has raised two substantial questions for our review.

With regard to Appellant's first claim, we note that the trial court stated specific reasons for Appellant's sentence and its proportionality to Appellant's probation violations and history.

> The record reveals that, prior to [A]ppellant's case being transferred to Mental Health Court, his probation was revoked for technical violations on July 21, 2009[,] and February 3, 2010 by Judge Shreeves Johns. He was found in technical violation of his parole or probation for noncompliance with his court[-]ordered treatment programs on three occasions: on July 21, 2011, probation was revoked and [A]ppellant was re-sentenced to 6-23 months plus five years['] probation; on January 5, 2012,

parole was revoked and [A]ppellant was sentenced to serve his back time followed by 5 years['] probation; and, the instant probation revocation, April 18, 2013, where the [trial c]ourt found that [A]ppellant had again violated the terms of his probation. Probation is a rehabilitative device to be used to assist the offender in his adjustment to life within society. Over the course of the case, [A]ppellant was placed in four different rehabilitation programs without success. Based on the number of rehabilitation programs [A]ppellant had failed to successfully complete, the [trial c]ourt determined that probation was not an effective tool for [A]ppellant's rehabilitation, that probation was incapable of deterring [A]ppellant from future antisocial behavior, and that a state sentence of incarceration was warranted.

Trial Court Opinion, 8/5/13, at 3-4 (internal citations omitted).

Clearly, the trial court had articulable reasons for imposing a sentence of state incarceration. *See id.* Even if Appellant's violations were only technical in nature, it does not follow that they are *de minimis*. Rather, the trial court reasoned these violations were flagrant and indicative of the Appellant's inability to reform under the supervision of probation. **See Carver**, **supra** at 498 (concluding, "technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform[]"). Moreover, the trial court stated on the record during Appellant's sentencing that "based on the number of placements that [Appellant has] left or have been provided for [Appellant and] the nature of this case[] … a state sentence [was] warranted…." N.T., 4/18/13, at 16. Based on these considerations, we conclude the trial court

did not abuse its discretion in imposing a three and one-half to seven years' state incarceration. *See Williams*, *supra*. Accordingly, Appellant's third argument also fails.

Lastly, Appellant asserts the trial court failed to comply with Section 9771(c). Appellant's Brief at 20-21. Section 9771(c) provides that the trial court may impose a sentence of total confinement upon revocation of a sentence of probation if one of the three enumerated circumstances applies. The statute provides, in relevant part, as follows.

> **§ 9771. Modification or revocation of order of probation.**
>
> …
>
> **(c) Limitation on sentence of total confinement.** -- The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.
>
> …

42 Pa.C.S.A § 9771(c). This Court has held "[w]hen imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771." *Commonwealth v.*

*Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citations omitted), *appeal denied*, 608 Pa. 661 (Pa. 2010).

Herein, the trial court stated on the record that "[it found] that [Appellant was] in technical violation of his probation[]" for failing to complete his treatment program. N.T., 4/18/13, at 16; *see also* Trial Court Opinion, 8/5/13, at 6. Moreover, the trial court found "that [probation is] incapable of deterring [Appellant] from future antisocial conduct." N.T., 4/18/13, at 18. Accordingly, the trial court had the discretion to impose incarceration to vindicate its authority. *See* Trial Court Opinion, 8/5/13, at 3-4 ("state incarceration was necessary to vindicate the court's authority where [A]ppellant had not complied with previous judicial efforts such as Drug Court, probation and prior revocations[]"), *citing* *Malovich*, *supra* at 1254. Therefore, we conclude that the trial court complied with Section 9771(c)(3) when it sentenced Appellant to total confinement following the revocation of his probation, and as such, did not abuse its discretion. *See* *Williams*, *supra*. As a result, Appellant's final argument fails.

Based on the foregoing, we conclude all of Appellant's arguments are either waived or devoid of merit. Accordingly, we affirm Appellant's April 18, 2013 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/29/2014</u>