**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SELINA A. COOPER | |
| Appellant | No. 499 MDA 2016 |

Appeal from the Judgment of Sentence February 23, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000546-2014

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 22, 2016**

Appellant, Selina A. Cooper, appeals from the judgment of sentence entered on February 23, 2016, as made final by the denial of her post-sentence motion on March 1, 2016.  We are constrained to vacate the judgment of sentence and remand for resentencing.

The factual background and procedural history of this case are as follows.  On January 15 and 28, 2014, Appellant sold a total of 20 capsules of methylenedioxymethamphetamine (commonly referred to as ecstasy) to a confidential informant.  On May 14, 2014, the Commonwealth charged Appellant via criminal information with two counts of possession of a controlled substance,[1] two counts of possession with intent to deliver a

---

[1] 35 P.S. § 780-113(a)(16).

* Retired Senior Judge assigned to the Superior Court

controlled substance ("PWID"),[2] and two counts of criminal use of a communication facility.[3]

On November 4, 2015, Appellant pled guilty to one count of PWID. On February 23, 2016, the trial court sentenced Appellant to one to four years' imprisonment. On February 26, 2016, Appellant filed a post-sentence motion. On March 1, 2016, the trial court denied the motion. This timely appeal followed.[4]

Appellant presents three issues for our review:

1. Did the [t]rial [c]ourt abuse its discretion by failing to recuse itself *sua sponte* where the judge was the District Attorney in a previous criminal case [filed against Appellant] and the presiding judge in a prior custody case [filed by Appellant] where evidence from those cases was relied upon by the court and where there appeared a bias against Appellant?

2. Did the [t]rial [c]ourt abuse its discretion by exercising its judgment as a result of partiality, prejudice, bias[,] or ill will?

3. Was a standard range sentence clearly unreasonable in light of mitigating circumstances and bias, prejudice[,] or ill will on the part of the [t]rial [c]ourt?

Appellant's Brief at 5.[5]

_____

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 7512(a).

[4] On March 29, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On April 19, 2016, Appellant filed her concise statement. On May 25, 2016, the trial court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Appellant's concise statement.

[5] We have re-numbered the issues for ease of disposition.

In her first issue, Appellant argues that the trial court erred by not recusing itself. This argument is waived. "It is axiomatic that, to preserve an objection for appeal, the objection must be raised before the trial court." *Tecce v. Hally*, 106 A.3d 728, 732 (Pa. Super. 2014), *citing* Pa.R.A.P. 302(a) (other citation omitted); *see Campbell v. Dep't of Transp., Bureau of Driver Licensing*, 86 A.3d 344, 349 (Pa. Cmwlth. 2014), *quoting In re Lokuta*, 11 A.3d 427, 437 (Pa. 2011), ("a party seeking recusal or disqualification must raise that issue at the earliest opportunity or be barred from obtaining appellate review of the question."). Appellant's arguments relating to recusal are based upon actions taken by the trial court years prior to the instant case. At the time the present charges were pending before the trial court, Appellant was clearly aware of the factual basis of her current recusal claim. Despite this, Appellant did not seek recusal or disqualification in the trial court. Thus, Appellant waived this issue for purposes of appellate review.

In her second and third issues, Appellant argues that her sentence was excessive. This issue challenges the discretionary aspects of her sentence. *See Commonwealth v. Haynes*, 125 A.3d 800, 806 (Pa. Super. 2015), *appeal denied*, 140 A.3d 12 (Pa. 2016). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of her sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition

this Court for permission to appeal the discretionary aspects of her sentence. *Id.*

As this Court has explained, in order to reach the merits of a discretionary aspects claim,

> [w]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted). Appellant filed a timely notice of appeal, preserved the issue in her post-sentence motion, and included a Rule 2119(f) statement in her appellate brief. Thus, we turn to whether Appellant has raised a substantial question.

"In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citation omitted). "The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Seagraves*, 103 A.3d 839, 841 (Pa. Super. 2014), *appeal denied*, 116 A.3d 604 (Pa. 2015) (citation omitted).

In her Rule 2119(f) statement, Appellant argues that she raises a substantial question because the trial court failed to consider certain mitigating factors and because the trial court's sentence evidences bias. "While a claim that the court failed to consider certain mitigating factors does not present a substantial question, an allegation of bias in sentencing implicates the fundamental norms underlying sentencing and[, therefore,] it raises a substantial question. Thus, we will proceed to the merits of Appellant's claim[.]" *Commonwealth v. Corley*, 31 A.3d 293, 297-298 (Pa. Super. 2011) (internal citations omitted).

We note that "[s]entencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (citation omitted). When imposing a sentence a trial court is required to consider the "protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing[.]" 42 Pa.C.S.A. § 9721(b). The trial court must state "the reasons for the sentence. The court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under [s]ection 9721(b). However, the record as a whole must reflect due consideration by the court of the statutory considerations [enunciated in that section]." *Commonwealth v. Feucht*,

955 A.2d 377, 383 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008). As Appellant was sentenced within the standard range of the guidelines, we may only vacate her sentence if we find this "case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2); *see **Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Appellant cites two sources from which the trial court's alleged bias arose. First, Appellant argues that the trial court's bias against her arose, in part, from 1996 when the trial judge served as the District Attorney of Cumberland County and when Appellant pled guilty and received her sentence for an aggravated assault charge. Appellant's position is that, based on the discussion in its Rule 1925(a) opinion, the trial court was dissatisfied with the leniency of Appellant's punishment. Appellant also argues that the trial court harbored a bias against her stemming from 2005, when the trial court presided over a custody dispute in which Appellant was involved. Appellant maintains that, at her sentencing hearing in this case, the trial court referred to photographs and websites introduced as exhibits during the custody dispute. Appellant asserts that the photographs and websites depicted a lifestyle that was disturbing to the trial court and that neither she nor her counsel had notice that the trial court would consider these factors at sentencing.

As this Court recently explained the rationale expressed in a Rule 1925(a) opinion is not our focus when evaluating whether the trial court abused its discretion when sentencing a defendant. ***See Commonwealth v. Flowers***, 2016 WL 6157509, *6 (Pa. Super. Oct. 24, 2016). Instead, the Sentencing Code requires that we focus on the reasons given by the trial court in open court. ***See id.***, *citing* 42 Pa.C.S.A. § 9721(b). In open court, the trial court stated:

> [Appellant,] your lifestyle hasn't changed one bit. You got into a major problem with a shooting that could have ended up killing somebody in [19]95. I remember you back here with the same kind of photographs and everything, and that was, what, about 2005, 2006.
>
> Do you remember the picture of one of your friends holding up the puppy with a shotgun to its head and all of the partying that was going on at that time? It's the same thing. I know you're saying you're there to help people now. I just don't accept that. You were selling pills.

N.T., 2/23/16, at 21-22.

We focus our attention on the trial court's statement regarding the photograph of a shotgun held to a dog's head that was apparently entered as evidence during prior custody proceedings. Our review of the certified record indicates that this fact was not discussed at the sentencing hearing prior to the pronouncement of sentence, was not included in the pre-sentence investigation report, was not included in Appellant's sentencing memorandum, nor was it referenced elsewhere in the certified record. Thus, the only way the trial court knew of this fact was its personal knowledge of

Appellant's prior custody proceedings. The trial court did not notify Appellant that it would consider this evidence when determining an appropriate sentence.

In cases such as this one, where alleged bias is evidenced by the consideration of certain factors when the defendant is sentenced, we evaluate a bias claim as a claim that the trial court relied upon an impermissible factor when pronouncing sentence. *Cf. Commonwealth v. Williams*, 69 A.3d 735, 749 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014) (Alleged gender bias reviewed as a claim implicating use of impermissible factor in sentencing.). Generally speaking an improper factor is one which violates the defendant's rights, *e.g.*, a defendant's right to request a jury trial, a defendant's right to equal protection, a defendant's right to due process, or a defendant's right not to twice be put in jeopardy for the same offense. *E.g.*, *Commonwealth v. Ali*, 112 A.3d 1210, 1224 (Pa. Super. 2015), *appeal granted*, 127 A.3d 1286 (Pa. 2015) (due process); *Williams*, 69 A.3d at 749 (equal protection); *Commonwealth v. Bartlow*, 512 A.2d 34, 35 (Pa. Super. 1986) (double jeopardy); *Commonwealth v. Bethea*, 379 A.2d 102, 104–105 (Pa. 1977) (jury trial). In this case, Appellant essentially argues that the trial court violated her right to due process by considering the custody proceedings without appropriate notice. She also alleges a violation of her double jeopardy rights, claiming a

wrongful increase in her present sentence because of her previous lenient sentence for aggravated assault.

We find instructive this Court's decision in ***Commonwealth v. Schwartz***, 418 A.2d 637 (Pa. Super. 1980). In ***Schwartz***, the trial judge relied upon *ex parte* information that he received from the Pennsylvania State Police when imposing sentence. This Court held that "any *ex parte* information received by a judge before sentencing should be disclosed to a defendant so that he may have an opportunity to examine it and dispute its accuracy." ***Id.*** at 638. As the trial court failed to disclose the information to the defendant prior to pronouncing sentence, this Court held that the trial court considered an impermissible factor when sentencing the defendant. ***See id.*** at 638-639.

More recently, in ***Commonwealth v. Rhodes***, 990 A.2d 732 (Pa. Super. 2009), *appeal denied*, 14 A.3d 827 (Pa. 2010), this Court held that the trial court erred when it considered police reports that were not included in the record nor disclosed to the defendant or his counsel. ***See id.*** at 746-747. Although the defendant's counsel could have obtained the police reports, this Court focused on the fact that the defendant was unaware of the fact that the trial court would consider the police reports when determining an appropriate sentence. ***See id.*** This Court determined that vacatur of the judgment of sentence was required based upon the trial court's reliance on such undisclosed information. ***See id.***

Similarly, in **Commonwealth v. Berrigan**, 535 A.2d 91 (Pa. Super. 1987) (*en banc*), this Court held that the trial court improperly considered evidence which the defendant did not have a chance to dispute. **See id.** at 106. Thus, this Court determined that the judgment of sentence must be vacated and the case remanded for resentencing. **See id; see also Commonwealth v. Karash**, 452 A.2d 528, 529 (Pa. Super. 1982) (trial court properly disclosed information it viewed on television regarding the defendant but improperly considered the television news story when the defendant denied the allegations contained therein); **Commonwealth v. Schwartz**, 406 A.2d 573, 574 (Pa. Super. 1979) (trial court may have improperly considered information learned from a television program).

The reasoning in these cases applies with equal force in the case at bar. Appellant had a right to know which information or subjects the trial court would consider when pronouncing sentence. She was not aware that the trial court would consider the photograph from the custody proceedings. If the trial court informed Appellant of this information, she would have had the opportunity to present evidence that rebutted the inference drawn by the trial court. We thus conclude that the photograph from the custody case was an impermissible factor considered by the trial court.

Having determined that the trial court considered an impermissible factor, we turn to the appropriate remedy. This Court recently stated, "a sentence **must** be vacated when it reasonably appears from the record that

the trial court relied in whole or in part upon [] an impermissible factor. . . . Where[ ] a trial court relies upon an impermissible factor, in whole or in part, new sentencing **must** be afforded." *Ali*, 112 A.3d at 1224 (internal alteration, quotation marks, and citations omitted; emphasis added).[6] It is clear from the sentencing transcript quoted above that the trial court relied in part on an impermissible factor, *i.e.*, its knowledge of the photograph with a shotgun pointed at a dog's head. Accordingly, we are constrained to vacate Appellant's judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016

---

[6] Although *Ali* speaks in absolute terms, our Supreme Court has explained that vacatur is only required when consideration of an impermissible factor violates a defendant's constitutional rights. *See Commonwealth v. Smith*, 673 A.2d 893, 896–897 (Pa. 1996). In this case, Appellant's right to due process was violated and thus vacatur is required. *See Ali*, 112 A.3d at 1224; *Smith*, 673 A.2d at 896-897.