J-S48040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS GEBHARDT | : | |
| | : | |
| Appellant | : | No. 125 EDA 2018 |

Appeal from the Judgment of Sentence November 29, 2017
in the Court of Common Pleas of Lehigh County
Criminal Division at No.:  CP-39-CR-0000433-2016

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                **FILED OCTOBER 30, 2018**

Appellant, Thomas Gebhardt, appeals from the judgment of sentence imposed following his conceded violation of conditions of his parole.  Appellant challenges the court's imposition of a consecutive sentence instead of a concurrent one.  Counsel has filed an **Anders**[1] brief, and a petition to withdraw from representation.  Counsel's petition to withdraw is granted.  Judgment of sentence affirmed.

The underlying facts of this case are not in dispute.  Appellant conceded that he violated the conditions of parole by, among other things, committing

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

---

\*   Retired Senior Judge assigned to the Superior Court.

acts which resulted in his arrest on May 5, 2017.  (*See* N.T. *Gagnon II* Hearing, 11/29/17, at 2).

On appeal, the *Anders* brief challenges the discretionary aspects of his sentence.  Specifically, consistent with Appellant's own statements at the hearing, and the argument of counsel, the *Anders* brief challenges the trial court's decision to make his new sentence consecutive to a previously imposed sentence in an unrelated matter.

At the hearing, counsel for Appellant asked the court to sentence him concurrently to make him eligible for parole at the same time that he was scheduled to become eligible on an unrelated felony sentence. (*See* N.T. Hearing, at 7; *see also Anders* Brief, at 9).

Appellant also wanted to serve his sentences in county prison.  He blamed his numerous legal problems on drug addiction.  He asked for rehabilitative treatment, claiming no one had ever given him that chance. (*See N.T. Gagnon II Hearing*, 11/29/17, at 2).

The trial court disputed Appellant's claim.  ("Do you know why that is? Because you blew off your Probation Officer for about six months.  That's why you haven't had treatment.").  (*See id.* at 8).  The court revoked Appellant's parole, and resentenced him to serve the balance of the sentence previously imposed, **consecutive** to his sentence at Case No. 2954/2017.  (*See id.* at 9).  The court declined to make the sentence concurrent, explaining "If I run

it concurrently there is no consequence for you for this case that I put you on supervision for." (*Id.*).

Nevertheless, Appellant was made eligible for parole after serving one-third of his sentence. (*See id.*). Appellant was also RRRI eligible. (*See id. at 11*).

Appellant filed a notice of appeal, on December 21, 2017.[2] Counsel filed a petition to withdraw on March 27, 2018. Counsel also filed an *Anders* brief.

The *Anders* brief raises two questions for our review:

> A. Whether the [trial] court abused its sentencing discretion when, after determination that [Appellant] had violated his probation, the court sentenced him to a consecutive term of imprisonment in a state correctional institution?

> B. May appointed counsel be permitted to withdraw after a conscientious review of the issues and the facts pursuant to the *Anders* case?

(Anders Brief, at 7) (unnecessary capitalization omitted).

It is well-settled that "[w]hen considering an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Ferguson*, 761 A.2d 613, 616

_____

[2] There is no indication in the record that counsel properly preserved the sentencing issue at the hearing or within ten days of imposition. *See* Pa.R.Crim.P. 708(E). We could find the issue waived on that basis alone. However, in the interests of justice and judicial economy, we will address Appellant's sentencing issue, as raised in this appeal. Appellant filed a court-ordered statement of errors complained of on appeal, on January 24, 2018. The trial court filed its opinion on January 29, 2018. *See* Pa.R.A.P. 1925.

(Pa. Super. 2000) (citation omitted).  Therefore, we will address the second question in the ***Anders*** brief first.  Our Supreme Court has determined that:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Here, counsel notes that he conducted a review of the record, and determined that an appeal would be wholly frivolous.  (***See*** Petition to Withdraw as Counsel, 3/27/18).  In addition, counsel has provided this Court with an ***Anders*** brief discussing the issue that could support an appeal. Finally, counsel states that he forwarded to Appellant a copy of the brief and advised him of his rights to raise issues himself or retain other counsel.[3]  (***See*** letter of Michael E. Brunnabend, Esq. to Thomas Gebhardt, 3/27/18).

Accordingly, on independent review, we conclude that counsel has substantially complied with the requirements of ***Anders*** and ***Santiago*** to withdraw as counsel.  He has filed a petition to withdraw and an ***Anders*** brief, together with accompanying documentation, and provided a copy of the brief to Appellant along with notice of his right to raise any issues he has on his

---

[3] Appellant has not responded to counsel's petition to withdraw.

own, or to retain private counsel. Therefore, we will proceed to evaluate the record independently in order to determine whether the appeal is in fact frivolous.

In the first question of the **Anders** brief, counsel raises the issue of the discretionary aspects of Appellant's sentence. (**See Anders** Brief, at 9).

It is well-settled that appeals of discretionary aspects of a sentence are not reviewable as a matter of right. **See Commonwealth v. McNear**, 852 A.2d 401, 407 (Pa. Super. 2004). Before a challenge to the sentence will be heard on the merits, an appellant, in order to invoke the Court's jurisdiction, must set forth in his brief a separate and concise statement of reasons relied upon in support of his appeal. **See** Pa.R.A.P. 2119(f); **see also Commonwealth v. Hudson**, 820 A.2d 720, 727 (Pa. Super. 2003), *appeal denied*, 844 A.2d 551 (Pa. 2004).

Where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, such a statement will be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence. **See Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002) (plurality).

Here, counsel has included in his **Anders** brief a statement of reasons relied upon in support of the request for appeal, as required by Rule 2119.

(*See Anders* Brief, at 10). Accordingly, we will review the statement to determine whether Appellant has raised a substantial question as to the discretionary aspects of his sentence.

The Rule 2119(f) statement in the *Anders* brief contends that the consecutive sentence imposed was not justified or supported "in any basis of law or fact." (*Id.*). However, aside from an expressed preference for county prison instead of a state correctional institution, Appellant offers no support in either law or fact for his assertion of trial court error and abuse of discretion. (*See id.*). On careful review, we conclude that Appellant's claim does not present a substantial question for our review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011) (quoting *Commonwealth v. Anderson,* 830 A.2d 1013, 1018 (Pa. Super. 2003).

When a sentence is within the statutory limits, this Court must review each excessiveness claim on a case-by-case basis. In order for an appellant raising such a claim to state a substantial question, he must "sufficiently articulate[ ] the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a

particular fundamental norm underlying the sentencing process."[4]  ***Mouzon**,*

***supra** at 627.*

Here, Appellant's Rule 2119(f) statement fails to identify any provision of the Sentencing Code which the trial court violated or to set forth any fundamental norm of the sentencing process that the trial court purportedly violated.  Thus Appellant has failed to raise a substantial question that his sentence was excessive.  Consequently, a review of the merits of his challenge to discretionary aspects of his sentence is unwarranted.

On independent review, we find no other non-frivolous issues, which would warrant a review of their merits.  Accordingly, the petition for leave to withdraw as counsel is granted, and the trial court's judgment of sentence is affirmed.

Petition to withdraw as counsel granted.  Judgment of sentence affirmed.

---

[4] An appellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing sentence does not raise a substantial question sufficient to justify appellate review of the merits of such claim. ***See*** ***Commonwealth v. Kraft***, 737 A.2d 755, 757 (Pa. Super. 1999), *appeal denied*, 747 A.2d 366 (Pa. 1999).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/18