J-S41002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                           :  PENNSYLVANIA

        v.                              :

JERRY DOUGLAS OTT              :

        Appellant             :  No. 594 MDA 2019

Appeal from the Judgment of Sentence Entered February 27, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000991-2018

BEFORE:  LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:          **FILED AUGUST 12, 2019**

Jerry Douglas Ott appeals from the judgment of sentence, entered in the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, following his convictions by a jury for two counts of driving under the influence ("DUI").[1]  Counsel has filed a brief pursuant to **Anders** and **Santiago**,[2] and a petition to withdraw.  For the reasons that follow, we grant counsel's petition to withdraw and affirm Ott's judgment of sentence.

On December 21, 2017, Ott was pulled over for having an expired registration while driving on the 1700 block of Sollenberger Road in Hamilton

---

[1] 75 Pa.C.S.A. §§ 3802(d)(1) and (2) (controlled substance and impaired ability, respectively).

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

---

\*  Retired Senior Judge assigned to the Superior Court.

Township, Franklin County. Field sobriety tests were performed at the scene of the traffic stop, followed by a blood draw that revealed the presence of morphine and codeine in Ott's system.[3] Ott was subsequently charged with two counts of DUI and proceeded to a trial before a jury which, on January 3, 2019, convicted him of both counts. On February 27, 2019, the trial court sentenced Ott to 12 to 60 months' imprisonment. Post-sentence motions were denied on March 14, 2019. Ott filed a timely appeal on April 12, 2019, followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Prior to reviewing Ott's claims, we must determine if counsel has complied with the procedural requirements for withdrawal. An attorney seeking to withdraw on appeal must comply with certain procedural and briefing requirements. Specifically, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

---

[3] The particular concentrations of morphine and codeine in Ott's blood indicated that he had ingested heroin. *See* N.T. Trial, 1/3/19, at 84.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). In addition, our Supreme Court in *Santiago* stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the [C]ourt's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Here, counsel has filed a petition to withdraw as counsel and an *Anders* brief. In her petition, counsel states that, after a conscientious examination of the record, she has determined that the appeal is wholly frivolous. Petition to Withdraw, 5/30/19, at ¶ 6. Additionally, counsel states in her petition that she mailed a copy of the *Anders* brief to Ott and a letter, which she attached to the petition, advising him of his right to retain private counsel, represent

- 3 -

himself on appeal, and/or raise any additional issues he believed the Court should consider.[4] **See** Letter from Casey S. Bogner, Esquire, to Ott, 5/30/19, at 2. Finally, counsel's brief sets out two issues of arguable merit and, pursuant to the dictates of **Santiago**, explains why she believes the appeal to be frivolous. Accordingly, counsel has substantially complied with the requirements of **Anders** and **Santiago**. We now turn to our independent review of the record and the claims raised by Ott.

Ott first claims that the trial court erred by allowing approximately 30 plainclothed cadets from the Pennsylvania Wildlife Conservation Commission to be present in the courtroom audience during his trial. Ott asserts that the presence of the cadets was prejudicial to him because "they appeared to be present on behalf of the Commonwealth," which "created the impression for the jury that the crime [Ott was] charged with committing [was] an incredibly serious crime that demand[ed] the attention of a significant number of off-duty law enforcement officials." **Anders** Brief, at 14. This claim is waived.

It is axiomatic that the absence of a contemporaneous objection results in the waiver of the issue on appeal. **Commonwealth v. Leaner**, 202 A.3d 749, 771 (Pa. Super. 2019). **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Here, at the outset of trial and prior to the jury entering the courtroom, the court advised counsel as follows:

---

[4] Ott has not filed a response to counsel's **Anders** brief.

> THE COURT: All right. Then what we will do is go ahead and get the jury and I am just going to advise the jury that we do have a group of cadets from the Wildlife Conservation Academy observing the trial process and that they should not be distracted by any of you here in the courtroom but that you are all here as guests of the [c]ourt.

N.T. Trial, 1/3/19, at 4.

After the members of the jury were sworn, the court informed them as

follows:

> I wanted to let you know we have a full house here today. There are cadets from the Pennsylvania Wildlife Conservation Academy who are guests of the [c]ourt today observing the trial process. So I'm happy to welcome the cadets here today as they learn about what happens in the course of a trial.

> So I have asked them to be very mindful and respectful of the fact that the jury should not be distracted by them. So I wanted you to know who they are and why they're here. And now you can forget that they're here. Okay. And so I'm glad that the [c]ourt can offer the opportunity to them as they go through their academy.

*Id.* at 5.

At no time following either statement by the court did trial counsel[5]

object to the presence of the cadets in the courtroom. Accordingly, any claim

that their presence prejudiced Ott in the eyes of the jury is waived on appeal.

***Leaner***, ***supra***.

Secondly, Ott claims that his sentence of 12 to 60 months' incarceration

in a state correctional institution was manifestly unreasonable where "his time

would be more productive in the local county jail," where he could participate

---

[5] Ott was not represented at trial by current counsel.

in drug, alcohol and mental health treatment and better care for his family. Brief of Appellant, at 15-16.

Ott's claim implicates the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*, quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Ott filed a post-sentence motion to reconsider sentence, followed by a timely notice of appeal to this Court. He has also included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must now determine whether he has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825,

828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In the Rule 2119(f) statement included by counsel in her *Anders* brief, counsel does not specify the particular claim Ott wished to raise. Rather, counsel averred that, because Ott's sentence was squarely within the standard range of the Sentencing Guidelines, Ott is unable to put forth a colorable argument to warrant allowance of appeal. Although Ott's Rule 2119(f) statement is defective, in cases where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015). Accordingly, we do not consider the defect in counsel's Rule 2119(f) statement as precluding review of whether Ott's issue is frivolous.[6]

> Ott claims he has
>
> significant medical issues that will be exacerbated by a length[y] prison sentence, that a lengthy prison sentence will cause him to lose his social security disability income and in turn lose his home where his pregnant daughter is residing, and that, while his is

---

[6] We also note that the Commonwealth did not file a brief in this matter. "[I]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)." *Commonwealth v. Gould*, 912 A.2d 869, 872 (Pa. Super. 2006).

incarcerated, he is unable to participate in outpatient drug and alcohol . . . or mental health treatment[.]

***Anders*** Brief, at 16. He asserts that "a local sentence would have better afforded him the ability to care for himself and his family and comply with his treatment obligations" and, thus, his state sentence was "manifestly unreasonable." ***Id.***

This Court has previously held that a bald claim of excessiveness, combined with an assertion that the court failed to properly consider the defendant's personal circumstances, does not raise a substantial question entitling a petitioner to review of his claim. ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 793 (Pa. Super. 2001) (claim that the court did not consider his personal life situation of having drug problem does not raise substantial question). ***See also Commonwealth v. Kraft***, 737 A.2d 755, 757 (Pa. Super. 1999) (argument that court did not adequately consider defendant's personal life situation as grandmother who had to provide care for small child did not raise substantial question so as to permit appellate review of discretionary aspects of sentence). Accordingly, Ott fails to raise a substantial question and we decline to review the merits of his claim.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/12/2019</u>