J-S06002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS MIGUEL VELAZQUEZ | : | |
| | : | |
| Appellant | : | No. 1306 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 12, 2020
In the Court of Common Pleas of Berks County
Criminal Division at No.:  CP-06-CR-0006168-2017

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: JUNE 6, 2023**

Appellant, Luis Miguel Velazquez, appeals from the judgment of sentence entered in Court of Common Pleas of Berks County on November 12, 2020.  On appeal, Appellant challenges the discretionary aspects of his sentence.  Upon review, we affirm.

The trial court summarized the factual and procedural background of the instant case as follows.

> On December 21, 2016, Appellant [] entered an open plea to one count of persons not to possess, use, manufacture, control, sell or transfer firearms, two counts of delivery of a controlled substance, one count of receiving stolen property, and four counts of possession with intent to deliver a controlled substance.  The same day, [the trial court] sentenced [Appellant] to an aggregate term of incarceration of seven and one-half (7½) to twenty-five (25) years in a state correctional institute[.]

---

[*] Former Justice specially assigned to the Superior Court.

On November 19, 2020, [Appellant], through plea counsel, filed [a] post-sentence motion seeking modification of sentence and claiming that the sentence imposed was unreasonable and excessive. The [trial court] denied the motion by order dated November 24, 2020. No appeal was taken.

On January 6, 2021, [Appellant], through plea counsel[,] filed a petition to appeal *nunc pro tunc*. By order dated January 7, 2021, [the trial court] denied the petition.

On June 16, 2021, [Appellant], again through plea counsel, filed a PCRA petition, his first, alleging plea counsel's ineffectiveness in failing to file a timely notice of appeal. On July 21, [the PCRA court appointed counsel to assist Appellant in the PCRA proceedings]. After several extensions, PCRA counsel filed an amended PCRA petition on July 7, 2022, raising plea counsel's ineffectiveness. An evidentiary hearing was held on August 15, 2022, upon the conclusion of which [the PCRA court] granted the relief requested and reinstated [Appellant]'s direct appeal rights *nunc pro tunc*.

A notice of appeal was filed September 13, 2022, and [the trial court] ordered [Appellant] to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b). [Appellant] filed a concise statement on October 11, 2022.

Trial Court Opinion, 10/17/22, at 1-2 (unnecessary capitalization and footnotes omitted).

Appellant challenges the discretionary aspects of his sentence.[1] As this Court observed in **Commonwealth v. Crawford**, 257 A.3d 75 (Pa. Super. 2021):

---

[1] While the statement of question involved on appeal includes numerous issues and sub-issues for our review, the argument section of the brief focuses on one issue only, which Appellant summarizes as follows: "Appellant asserts that his sentence was excessive and insufficient consideration was given to
*(Footnote Continued Next Page)*

The right to appeal the discretionary aspects of one's sentence is not absolute, and the jurisdiction of this Court must be properly invoked. To raise a substantial question, an appellant must satisfy the following four-part test:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Id.* at 78 (quoting **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220-21 (Pa. Super. 2011)).

Our review of the record confirms that Appellant filed a timely notice of appeal and that he properly preserved the issue in his motion to reconsider the sentence. Further, he has included a Rule 2119(f) statement in his brief filed with this Court. Therefore, we must determine whether there is a substantial question that Appellant's sentence is not appropriate under the Sentencing Code.

---

Appellant's [] substantial cooperation with law enforcement. As such, the [trial court] failed to take into consideration the relevant mitigating factors when promulgating the sentence imposed." Appellant's Brief at 10. Our review will be limited to the above issue.

- 3 -

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), ***appeal denied***, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013), ***aff'd***, 125 A.3d 394 (Pa. 2015).

It is settled that this Court does not accept bald assertions of sentencing errors. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]"

*Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Appellant argues that the trial court abused its discretion by failing to "properly weigh" the "mitigating evidence of his extensive consideration with law enforcement against the remaining factors in Section 9721(b)." Appellant's Brief at 8.[2]

Quoting *Commonwealth v. Disalvo*, 70 A.3d 900 (Pa. Super. 2013), in *Commonwealth v. Patterson*, 180 A.3d 1217 (Pa. Super. 2018), we noted,

> "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *See also Commonwealth v. Kraft*, 737 A.2d 755, 757 (Pa. Super. 1999), *appeal denied*, 560 Pa. 742, 747 A.2d 366 (1999) (determining appellant's claim that sentence of incarceration for [driving under suspension] violation was excessive because sentencing court failed to adequately consider certain mitigating factors did not raise substantial question).

*Id.* at 1233 (quoting *Disalvo*, 70 A.3d at 903) (additional citations omitted).

*See also Crawford*, 257 A.3d at 79 (citing *Commonwealth v. Cannon*, 954 A.2d 1222, 1228-29 (Pa. Super. 2008) and *Commonwealth v. Eline*, 940

---

[2] To the extent that Appellant's challenge can be construed as asking us to reweigh the mitigating circumstances against the factors set forth in Section 9721(b), it is well-established that "the weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors." *See Commonwealth v. Bricker*, 41 A.3d 872, 876 (Pa. Super. 2012) (citing *Commonwealth v. Bowen*, 975 a.2d 1120, 1123-24 (Pa. Super. 2009).

A.2d 421, 435 (Pa. Super. 2007)). Consistent with these cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on the inadequate consideration of mitigating factors.

Even if his discretionary aspect of sentencing claim raised a substantial question, Appellant would not be entitled to relief. Our well-settled standard of review concerning the discretionary aspects of sentencing is as follows:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court [is] in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

**Patterson**, 180 A.3d at 1231-32 (quoting **Commonwealth v. Moury**, 992 A.2d 162, 169–170 (Pa. Super. 2010) (citation omitted)).

Here, the trial court explained that

> [b]ased on the offenses to which he was pleading, the maximum permissible sentence to which [Appellant] was potentially exposed was one hundred forty (140) years of incarceration and up to $885,000 in fines. At the sentencing hearing, the Commonwealth provided its recommendation to the court, which was an

aggregate sentence of eight and one-half (8½) to twenty-five (25) years of incarceration. The Commonwealth noted that the mitigated sentences it sought in some of the offenses were in consideration of information that [Appellant] provided to law enforcement.

We heard from three witnesses, including two detectives, on [Appellant]'s behalf, who detailed their knowledge of [Appellant]'s cooperation with authorities and how the information he provided assisted law enforcement. We also received documents evidencing [Appellant]'s completion of various drug and counseling programs while incarcerated. [Appellant] then exercised his right of allocution.

The [trial] court, in imposing the sentence, reviewed a PSI prepared about [Appellant], and expressed that the PSI informed [the trial court]'s sentence, which demonstrated that [the trial court was] aware of the relevant information regarding [Appellant]'s character and weighed those considerations along with mitigating statutory factors, as well as satisfying the requirement that reasons for imposing sentence be placed on the record. [The trial court] likewise expressed that [it] took into account the testimony from the various witnesses and information presented at the sentencing hearing. The sentences imposed by [the trial court] were all within, or slightly below the standard range, and reflected [the trial court]'s deep consideration of the sentencing factors.

Trial Court Opinion, 10/17/22, at 4 (quotation marks and citations omitted).

In light of the foregoing, and upon review of the record, *see* N.T. Guilty Plea and Sentencing Hearing, 11/12/20, at 11-30, it is clear that Appellant has failed to "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Disalvo*, 70 A.3d at 903 (citation omitted); *see also Patterson*, *supra*.

While Appellant would have preferred the sentencing court give more weight to Appellant's cooperation, this is not to say that the sentencing court did not account for or did not account adequately for Appellant's cooperation. To the contrary, the sentencing court fully appreciated the value of Appellant's cooperation, commenting on a witness's statement as follows: "I did not view the Commonwealth's presentation as attempting to diminish the value of what [Appellant] apparently has contributed here. Having worked both sides of the street, I understand fully the value of having corroborating information even though it might not result in testimony. So you need not – you need not sell me on that principle." N.T., Guilty Plea and Sentencing Hearing, at 16.

To the extent Appellant's argument can be construed as arguing that the trial court abused its discretion in not providing a detailed, step-by-step analysis and dissertation of its reasons for the sentence imposed, well-established case law refutes Appellant's argument.

In **Commonwealth v. Devers**, 546 A.2d 12 (Pa. 1988), our Supreme Court stated:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, *we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure*. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated

that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Id.* at 18 (emphasis added). Here the record shows, *inter alia*, that the trial court received and took into account the PSI, and reviewed "all the information that [it] gleaned [at sentencing] between the testimony of the witnesses and [Appellant]'s allocution and the recommendations of the parties." N.T., Guilty Plea and Sentencing Hearing, at 27. Accordingly, the claim has no merit. **See Devers**, **supra**.

Because Appellant has failed to demonstrate an abuse of discretion on the part of the trial court, Appellant would not be entitled to relief on his challenge of the discretionary aspects of his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/06/2023

- 9 -