503 A.2d 14

**COMMONWEALTH of Pennsylvania**

v.

**Everett Scott STEVENS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 3, 1985.

Filed Jan. 10, 1986.

Michael J. Malloy, Assistant Public Defender, Media, for appellant.

Sandra G. Elias, Deputy District Attorney, Media, for Commonwealth, appellee.

Before JOHNSON, HOFFMAN and CERCONE, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for retail theft and criminal conspiracy. Appellant contends that the lower court abused its discretion in sentencing him outside of the sentencing guidelines, *see* 204 Pa.Code §§ 303.1–.9, *reprinted following* 42 Pa.C.S.A. § 9721, solely because of his prior record. Appellant argues that his prior record was already taken into account in his prior record score, which is used in determining the recommended sentencing ranges under the sentencing guidelines. (Brief for Appellant at 9). For the following reasons, we affirm in part, vacate in part, and remand for resentencing.

Following a jury trial, appellant was convicted and sentenced to a term of two-and-one-half-to-five years imprison-

ment for retail theft and a concurrent term of one-to-two years imprisonment for criminal conspiracy. A motion to modify the sentence was timely filed and denied. This appeal followed.

 We agree with appellant that he was sentenced outside of the sentencing guidelines for the offense of retail theft.[1] Appellant's prior record score is six, *see* N.T. February 7, 1985 at 4, and the offense gravity score for a first conviction for retail theft, a misdemeanor of the first degree, is three, 204 Pa.Code § 303.8. For these scores, the sentencing guidelines provide for a minimum range of eight-to-twelve months, a mitigated minimum range of four-to-eight months, and an aggravated minimum range of twelve-to-eighteen months. *Id.* at § 303.9. Therefore, appellant's minimum sentence of two and one-half years was one year longer than the longest sentence provided for in the guidelines.

A sentencing "court shall ... consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing...." 42 Pa.C.S.A. § 9721(b). "The purpose of the sentencing guidelines is to insure that more uniform sentences are imposed in this Commonwealth." *Commonwealth v. Royer*, 328 Pa.Superior Ct. 60, 66, 476 A.2d 453,

---

1. We need not consider appellant's claim of error regarding his sentence for criminal conspiracy because the sentence imposed by the court below was not outside the sentencing guideline ranges. The offense gravity score for criminal conspiracy, here a misdemeanor of the second degree, is two. 204 Pa.Code § 303.8. The sentencing ranges for a prior record score of six and an offense gravity score of two are as follows: the minimum range is five-to-twelve months, the mitigated minimum range is two-and-one-half-to-five months, and the aggravated minimum range is the statutory limit, here twelve months. *Id.* at § 303.9. With regard to the latter range, we note that the statutory limit referred to in § 303.9 is the "longest minimum sentence permitted by law." *Id.* For a sentence of total confinement, the minimum sentence cannot exceed one-half of the maximum sentence imposed. 42 Pa.C.S.A. § 9755(b). Therefore, because the maximum sentence that can be imposed for a misdemeanor of the second degree is two years, 18 Pa.C.S.A. § 1104(2), the statutory limit is one year. Here, appellant's minimum sentence of one year for criminal conspiracy was within both the minimum and the aggravated minimum ranges.

456 (1984). When computing a sentence under the sentencing guidelines, the sentencing court first determines a defendant's prior record score, which is a score based on the number of the defendant's prior criminal convictions and juvenile adjudications. *See* 204 Pa.Code § 303.7. That score is then used in conjunction with the offense gravity score, a score based on the severity of the present offense, *see id.* § 303.8, to determine the relevant sentencing ranges. *See id.* § 303.2. A sentencing court may, of course, sentence outside the guidelines, but when doing so, must provide a contemporaneous written statement to explain the reason(s) for that action. 42 Pa.C.S.A. § 9721(b); 204 Pa. Code § 303.1(h).

■ The Implementation Manual of the Pennsylvania Commission on Sentencing provides sentencing courts with additional guidance on using the sentencing guidelines. With reference to sentencing within the aggravated or mitigated ranges of the Sentencing Guidelines, the manual states that, "[o]rdinarily, sentences should not be aggravated or mitigated for circumstances incorporated in other provisions of the guidelines, such as deadly weapon possession or prior record score." Commonwealth of Pennsylvania Commission on Sentencing, *Sentencing Guidelines Implementation Manual,* Part V at 15 (1982). It follows, then, that if sentences should not be imposed in the aggravated or mitigated ranges because of circumstances incorporated in other provisions of the guidelines, a sentencing court should not impose a sentence entirely outside of the guideline ranges solely based on a criterion already incorporated in other provisions of the guidelines.

■ Here, the sentencing court stated on the record that it was sentencing appellant outside of the guidelines because of appellant's continual involvement with the criminal justice system since 1965 and "to protect society [because] [a]s long as [appellant] is in jail he can't be out committing crimes...." (N.T. February 7, 1985 at 14–16). The court then enumerated a series of appellant's prior offenses. (*Id.* at 15). Thus, in the written statement explaining why appellant was sentenced outside of the guidelines, the sen-

tencing court relied on a single factor: appellant's prior record. The court should not have relied on his prior record alone, however, because it was a factor already accounted for in the sentencing guideline ranges. Therefore, the sentencing court, in effect, accorded double weight to appellant's prior record in determining his sentence.[2]

Accordingly, because the court below relied solely on appellant's prior record to impose a sentence outside of the sentencing guideline ranges for retail theft, that sentence must be vacated and this case remanded for resentencing. The sentence for criminal conspiracy is affirmed.

Judgment of sentence for criminal conspiracy affirmed. Judgment of sentence for retail theft vacated and remanded for resentencing. Jurisdiction is relinquished.

---

**2.** In *Commonwealth v. Mills*, 344 Pa.Superior Ct. 200, 496 A.2d 752 (1985) we rejected a similar argument. In that case, however, we did not agree with the defendant that the sentencing court had considered only his prior convictions in sentencing him outside of the sentencing guideline ranges. There, we stated that the sentencing court considered that the defendant had been sentenced repeatedly for burglary offenses, that prior attempts at rehabilitation had failed, that he had been on probation when he committed the burglary for which he was being sentenced, that he had established a pattern of disrespect for the homes and property of others, and that he had been sentenced outside of the guideline ranges for his last burglary offense. *Id.*, 344 Pa.Superior Ct. at 200, 496 A.2d at 752. Therefore, we find *Mills* distinguishable from the instant case.