512 A.2d 34

**COMMONWEALTH of Pennsylvania,**

v.

**Daniel Rae BARTLOW, Appellant.**

Superior Court of Pennsylvania.

Argued April 21, 1986.

Filed July 10, 1986.

Beth G. Williams, Towanda, for appellant.

Albert C. Ondrey, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and WATKINS, JJ.

BROSKY, Judge:

This appeal is from judgment of sentence imposed for Aggravated Assault and Burglary. Appellant raises four sentencing issues for our review.[1] In one of those issues it is argued that the sentencing court erred in considering appellant's prior convictions as an aggravating circum-

---

1. Those issues are, first, that a resentencing violated double jeopardy. The opinion of the trial court adequately treats this issue and no further comment is necessary in this opinion. Second, appellant contends that inadequate reasons were given for the sentence imposed. Upon review of the record, we find this issue to be without merit. The third issue is the subject of the greater part of this opinion, and warrants vacating judgment of sentence. Finally, appellant argues that the consideration of his juvenile adjudications was in error. That issue is presently being considered by this Court *en banc*. On remand for resentencing, the sentencing court should be guided by our disposition of that issue.

stance, since that factor was already involved in the computation of his prior record score under the Sentencing Guidelines. We agree and, accordingly, vacate judgment of sentence and remand to resentencing.

At sentencing the court stated: "The Court also notes that the defendant has a history of several serious offenses, specifically, first degree felonies." The sentence then imposed by the court was beyond the aggravated range of the Sentencing Guidelines, although within the statutory maximum. Appellant contends that the sentencing court erred in considering a factor already given play through the computation of the prior record score in the Sentencing Guidelines.

The Sentencing Commission made clear that "sentences should not be aggravated or mitigated for circumstances incorporated in other provisions of the Guidelines, such as ... prior record." Sentencing Guideline Implementation Manual, 15.

This point was recognized in an opinion of this Court, *Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 491 A.2d 1352 (1985).

> The trial court's first reason for deviating from the guidelines is that the appellee lacked a prior record.... Moreover, the guidelines inherently give credit to those who have led a relatively law-abiding life. An accused's prior record, or lack thereof, is one of the two elements utilized in determining the guideline sentence ranges. The guideline sentence as computed in this case is based on a prior record score of zero (0). Thus, to assign the lack of, or even a minimal, prior record as a reason for deviating from the guidelines is to, in effect, give an accused credit for the same factor twice. Such an evaluation is error.

*Commonwealth v. Drumgoole*, supra, 341 Pa.Superior Ct. at 475, 491 A.2d at 1355.

*Commonwealth v. Mills*, 344 Pa.Super. 200, 496 A.2d 752 (1985) involved the converse of *Drumgoole* and the situa-

tion sub judice: the imposition of a sentence in excess of the aggravated range indicated by the sentencing guidelines due to a number of prior convictions. Appellant's argument in *Mills* was the same as the one instantly before us:

> He contends that, in reality, the only reason given by the sentencing court was that appellant had had seven prior convictions for burglary. This, he argues, demonstrated an erroneous application of the guidelines and an unreasonable departure therefrom.

*Commonwealth v. Mills,* supra, 344 Pa.Superior Ct. at 202, 496 A.2d at 753.

The facts on which that argument was rejected in *Mills,* are not, however, present here.

> We reject appellant's argument. The reasons given by the sentencing court for imposing the maximum sentence authorized for burglary entailed a great deal more than the fact of seven prior convictions for burglary.

*Id.*

In a note distinguishing *Drumgoole,* the *Mills* Court wrote:

> A court is not required to follow the guidelines where, as here, the defendant's prior record permits a court to infer that he is an incurable recidivist, that prior rehabilitative efforts have been unsuccessful, and that the defendant has become a threat to law-abiding citizens. *Drumgoole* does not hold otherwise.

*Id.* at n. 2.

The requisite inferences detailed in *Mills* were not made of record by the sentencing court in the instant case. A minimal appearance of fairness requires that if, (as the Sentencing Guidelines and *Drumgoole* require), an absence of criminal record cannot be a mitigating factor; then, (as the Sentencing Guidelines also require), a heavy criminal record cannot be an aggravating factor—at least in the absence of the enunciated findings noted in *Drumgoole.*[2]

2. We also note that, unlike *Mills,* the only aggravating circumstances considered by the sentencing court in this case was appellant's prior

448

Judgment of sentence is vacated and the case remanded for resentencing. Jurisdiction is relinquished.

WICKERSHAM, J., files a dissenting statement.

JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the Judgment of the Court of Common Pleas of Bradford County is vacated and the case remanded for resentencing. Jurisdiction is relinquished.

WICKERSHAM, Judge, dissenting.

I would affirm the judgment of sentence.

conviction. In *Commonwealth v. Stevens,* 349 Pa.Super. 310, 314, 503 A.2d 14, 16 (1986), this Court distinguished *Mills* on this basis and held that where "the court below relied solely on appellant's prior record to impose a sentence outside of the sentencing guidelines for retail theft, that sentence must be vacated ..."