COMMONWEALTH of Pennsylvania, Appellee,

v.

Kathy KRAFT, Appellant.

Superior Court of Pennsylvania.

Submitted May 24, 1999.
Filed July 13, 1999.

Douglas P. France, York, for appellant.

H. Stanley Rebert, Asst. Dist. Atty., York, for Commonwealth, appellee.

Before CAVANAUGH, ORIE MELVIN, and BECK, JJ.

ORIE MELVIN, J.:

¶ 1 Appellant, Kathy L. Kraft, appeals from the judgment of sentence of ninety days' incarceration entered September 30, 1998 following her conviction of driving while under suspension, 75 Pa.C.S.A. § 1543. On appeal, she challenges the discretionary aspects of her sentence. We affirm.

¶ 2 The record reveals that Ms. Kraft was charged with a violation of 75 Pa. C.S.A § 1543 after her vehicle was stopped for speeding by a North Hopewell Township police officer on March 28, 1998. Ms. Kraft's license had been suspended for a five year period beginning in August 1997. She was convicted of the charge by a District Justice, fined $1,000.00 and sentenced to ninety (90) days in the county jail. Ms. Kraft appealed her conviction to the Court of Common Pleas of York County. On September 30, 1998, the Honorable John S. Kennedy presided over a *de novo* trial at which Ms. Kraft was convicted. At the trial *de novo* evidence was presented which indicated Ms. Kraft's driver's license had been suspended off and on since 1981, and she had seven prior convictions for driving under suspension. At her trial Ms. Kraft admitted that since the present offense was committed, she has been charged with additional driving under suspension offenses. The court dismissed her appeal and reimposed the original sentence. This timely appeal followed.

¶ 3 On appeal, Ms. Kraft raises one issue for our review:

I. WHETHER THE LOWER COURT ERRED IN SENTENCING THE [APPELLANT] TO THE SENTENCE OF NINETY (90) DAYS, RATHER THAN THE MINIMUM SENTENCE CONSISTENT WITH THE PROTECTION OF THE PUBLIC, GRAVITY OF THE OFFENSE AND THE REHABILITATIVE NEEDS OF THE [APPELLANT]?

¶ 4 Ms. Kraft's contention is a challenge to the discretionary aspects of her sentence. Before such a challenge to the sentence will be heard on the merits, an appellant must set forth in her brief, a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of her sentence. Pa. R.A.P. 2119(f). Ms. Kraft has set forth a proper, separate statement as required by Rule 2119(f). An appellant must also show that there is a substantial question that the sentence imposed is not appropriate. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 513, 522 A.2d 17, 20 (1987).

> The determination of whether a particular issue constitutes a substantial question must be evaluated on a case by case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Andrews*, 720 A.2d 764, 766–67 (Pa.Super.1998) (citation and quotation omitted).

¶ 5 Ms. Kraft argues her sentence is excessive under the circumstances because a violation of 75 Pa.C.S.A. § 1543

does not warrant such severe penalties. However, it is well established that a claim of excessiveness of sentence does not raise a substantial question so as to permit appellate review where the sentence is within the statutory limits. *Commonwealth v. Cruz–Centeno*, 447 Pa.Super. 98, 668 A.2d 536, 545 (1995). Ms. Kraft's sentence was within the statutory limits. *See* 18 Pa. C.S.A § 1105. This particular claim, therefore, does not present a substantial question.

■ ¶ 6 Ms. Kraft also maintains the sentencing court did not adequately consider her personal life situation as a grandmother who has to provide care for a small child. Again, her argument does not raise a substantial question for review. *Commonwealth v. Palmer*, 700 A.2d 988, 994 (Pa.Super.1997) (holding that an allegation that the sentencing court did not consider certain mitigating factors does not raise a substantial question).

■ ¶ 7 Finally Ms. Kraft argues that the sentencing court considered her prior convictions as an aggravating circumstance to impose a greater sentence and that this was impermissible. Couched in these terms, her claim appears to raise a substantial question. *See Commonwealth v. Roden*, 1999 PA Super 105, ¶ 5, 730 A.2d 995, 997 (holding that a claim a sentence is excessive because the trial court relied on an impermissible factor raises a substantial question).

■ ¶ 8 Specifically, she argues that pursuant to *Commonwealth v. Bartlow*, 354 Pa.Super. 444, 512 A.2d 34 (1986), the court should not have considered her previous convictions. In *Bartlow* our Court held the sentencing court in that case improperly considered the defendant's prior convictions as an aggravating circumstance where that factor had already been involved in the computation of the prior record score. In the present case, the court considered Ms. Kraft's driving record in concluding that a ninety day sentence was appropriate. Her driving rec-

ord included numerous convictions for driving under suspension, a summary offense. Unlike *Bartlow*, there is no indication from the record that a prior record score was computed and that such summary offenses were scored therein. Furthermore, a summary offense may not be scored in the prior record score. 204 Pa. Code § 303.8(g)(1). Ms. Kraft's reliance on *Bartlow*, therefore, is misplaced. Moreover, "prior convictions, of whatever nature, with law enforcement authorities, are unquestionably among the circumstances to be scrutinized in determining the appropriate sentence." *Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483, 488 (1987). We find that there is simply no merit to Ms. Kraft's contention that the court impermissibly considered her prior vehicle code violations. Her abysmal driving record clearly indicates her complete and utter disregard for the motor vehicle code and her repeated defiance of the restraints imposed on her driving privileges. The trial court's consideration of these factors is not only permissible, justice demands it.

¶ 9 Judgment of sentence affirmed.