J-A24003-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARC THOMAS MEASNIKOFF | : | |
| | : | |
| Appellant | : | No. 1405 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 22, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000846-2018

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                FILED OCTOBER 07, 2020

Appellant, Marc Thomas Measnikoff, appeals from the aggregate judgment of sentence of 20 to 41 years' incarceration, imposed after he pled guilty to one count of corruption of minors, 730 counts of sexual intercourse with animals, and 730 counts of cruelty to animals.  Appellant solely challenges the discretionary aspects of his sentence.  We affirm.

The trial court set forth the following summary of the facts and procedural history of this case:

> The case at bar involves sexual intercourse with horses, goats, and dogs by … [Appellant,] and the exposing of a minor child (sixteen years old) to these deviate sex acts.  No trial was held, but [Appellant entered] a guilty plea and accepted all facts in the affidavit of probable cause[,] as set forth below. [Appellant], Terry Wallace ("Wallace"), and Matthew Brubaker ("Brubaker") all owned a plot of land in Munson, Pennsylvania. [Appellant] and Brubaker shared a camper on one side of the property and Wallace and his child lived in a camper on the other side of the property.  [Appellant] owned nine horses, seven of

which were female, [and] two of which were male. Wallace owned one horse. Brubaker owned five horses, four of which were female[,] and one of which was male. There were also goats, at least one cow, and dogs on the property. [Appellant] had sexual intercourse with dogs, goats, a cow, and each of the female horses once a day for four [to] five years. [Appellant] had sexual intercourse with animals daily. [Appellant] would often videotape these sexual encounters.

This case came to the attention of police after an interview with Wallace's child, who reported that for the past four [to] five years[,] he ha[d] been exposed to all three men having sexual intercourse with animals on a daily basis. The child stated that he first discovered this conduct when he found a video of his father, Wallace, having sexual intercourse with a goat on the[ir] shared i[P]ad. The child reported that Wallace would receive a message from [Appellant] and/or Brubaker and go to their camper. The child would then be expected to locate a particular horse, walk it into a V shaped chute, and wait on the other side of the wall until whoever was abusing the horse finished having sexual intercourse with it. The child also noted that the living conditions were deplorable, as he had to regularly collect rain water to take a shower, had a limited supply of canned food, no electricity, and no bathrooms were located on the property.

On January 2[5], 2019, [Appellant] entered an open plea of guilt, providing the sentencing court full discretion in determining sentencing, to one count of corruption of minors (misdemeanor of the first degree), ... [730] counts of sexual intercourse with animals (misdemeanor of the second degree), and [730] counts of cruelty to animals (summary offense). At the ... sentencing hearing, it was determined that [Appellant] had a prior record score of zero. The standard range for corruption of minors [was] restorative sanctions [to] three months[' incarceration]. This court sentenced [Appellant] in the aggravated range to six months[' to] two years[' incarceration] for corruption of minors. The standard range for sexual intercourse with animals [was] restorative sanctions. This court sentenced [Appellant] in the aggravated range to three ... [to] six months[' imprisonment] on the first [78] counts of sexual intercourse with ... animal[s,] to be served consecutively. Cruelty to animals is a summary offense. [Appellant] was sentenced to two years['] probation for cruelty to animals[,] to be served concurrent to the above[-]mentioned sentence. Additionally, this court determined [Appellant] shall have no unsupervised contact with anyone under the age of

eighteen years old, and shall not consume alcohol.[1]  In making its determination, the court noted ... the severity of the acts, the number of acts committed by [Appellant], the fact that [Appellant] videoed the acts, and the harm that resulted [to] the child from viewing these videos at all, but especially at such a young age.

On August 20, 2019, [Appellant's] post[-]sentence motions were heard.  The court ultimately denied [Appellant's] post[-]sentence motion[.]

Trial Court Opinion (TCO), 9/30/19, at 1-3 (unnecessary capitalization omitted).

Appellant filed a timely notice of appeal, and he also filed a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[2]  The court filed its Rule 1925(a) opinion on August 19, 2019.  Herein, Appellant states one issue for our review:  "Whether the [sentencing c]ourt abused its discretion when sentencing [Appellant] to an aggregate sentence of [20 to 41] years[' incarceration]?"  Appellant's Brief at 7.

Appellant's issue implicates the discretionary aspects of his sentence.

_____

[1] Wallace and Brubaker also pled guilty to the same offenses as Appellant, and were both sentenced to identical, aggregate terms of 20 to 41 years' incarceration.  Wallace's appeal is docketed at 904 WDA 2019, and Brubaker's appeal is docketed at 1287 WDA 2019.

[2] The trial court observes that while Appellant timely filed his Rule 1925(b) statement, he did not serve it on the court until December 16, 2019.  However, we need not remand, as the court addressed the issue presented in Appellant's untimely-served Rule 1925(b) statement in its opinion.  See Commonwealth v. Burton, 973 A.2d 428, 433 (Pa. Super. 2009) (holding that where an appellant files an untimely Rule 1925(b) statement, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. Commonwealth v. Mann, 820 A.2d 788, 794 (Pa. Super. 2003), appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Sierra, supra at 912–13.

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010)).

In this case, Appellant preserved his sentencing claim in his post-sentence motion, he filed a timely appeal, and he has included a Rule 2119(f) statement in his appellate brief. Therein, he contends that "his sentence is not appropriate under the Sentencing Code because the lower court sentenced

him in the aggravated range based on the number and nature of the offenses, and made multiple sentences consecutive to each other." Appellant's Brief at 13. Appellant avers that the court's considering the number of offenses he committed was improper, "as the nature of the offense is a major factor considered in structuring the guidelines[,]" and "the number of the offenses punishes itself." Id. at 14. He stresses that this Court "has determined that a claim of an excessive sentence based on impermissible factors raises a substantial question for consideration." Id. (citing Commonwealth v. McNabb, 819 A.2d 54, 56 (Pa. Super. 2003)).

We conclude that Appellant's argument constitutes a substantial question warranting our review. Nevertheless, no relief is due. We are mindful that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Here, Appellant contends that the court focused only on the nature and number of his offenses, which are factors already "built into the guidelines." Appellant's Brief at 19. He insists that the court did not take into account his rehabilitative needs or the protection of the public. Appellant further asserts that, while he pled guilty to corruption of minors graded as a misdemeanor,

the court's decision to consider the multitude of crimes he committed indicates that it improperly sentenced him as if he had pled guilty to felony corruption of minors, which requires a course of conduct. See 18 Pa.C.S. § 6301(a)(1)(ii) ("Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree."). According to Appellant, the court "violate[d] the spirit of the plea agreement" and imposed a clearly unreasonable sentence. Appellant's Brief at 20.

Appellant's arguments do not convince us that the sentencing court abused its discretion. In explaining the basis for imposing aggravated-range terms of incarceration, the court stated:

> There was minimal testimony provided to persuade this [c]ourt that [Appellant] would be able to rehabilitate himself. [Appellant] submitted to the [c]ourt one statement apologizing for his actions and seeking counseling. This [c]ourt did not find that [Appellant] exhibited remorse for his actions, and the fact that [Appellant] not only sexually abused animals, but subjected a child to these acts, established to this [c]ourt that [Appellant] would need a significant amount of time incarcerated in order to be rehabilitated. ... [Appellant] has been engaging in this deviate conduct for many years. He went through the process of finding like-minded individuals supportive of his choices. [Appellant] created specifically crafted stables/chutes to facilitate his actions. This [c]ourt determined that a long incarceration will allow [Appellant] adequate time to work on his mental health through treatment and time to refrain from said acts so that he may become a healthy, law abiding, and productive member of society. This [c]ourt determined that it will take a significant amount of time to undo the harm that has been done within [Appellant's]

own mind. Based on these factors, and the lack of any persuasive mitigating argument provided by defense counsel, this [c]ourt did not abuse its discretion.

* * *

The nature and severity of these crimes shocked the conscience of this [c]ourt. For four [to] five years, [Appellant] regularly had sexual intercourse with goats, a cow, dogs and horses. He filmed video[s] of these acts. He recruited a child's involvement in helping facilitate the sexual encounters with the animals. For years[,] this behavior continued until the child reported it to the police. This [c]ourt determined that the aggravated sentences were appropriate to protect the public and did not abuse its discretion.

* * *

There were aggravating circumstances, and the sentence necessarily addressed them. It is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range. Commonwealth v. Simpson, 829 A.2d 334[, 339] ([Pa. Super.] 2003), citing Commonwealth v. Bartlow, 512 A.2d 34 ([Pa. Super.] 1986). However, the [c]ourt is permitted to use factors already included in the guidelines if they are used to supplement other extraneous sentencing information. Simpson, 829 A.2d at 3[39], citing Commonwealth v. Mills, 496 A.2d 752, 754 ([Pa. Super.] 1[9]85). Here, [Appellant] was [convicted of] [c]orruption of a [m]inor, but that did not include course of conduct, which would have made this a felony. Therefore, this [c]ourt was proper in considering the child's involvement with the sexual acts committed with the animals, as that is not included in either the sentencing guidelines for the [c]orruption of [m]inors [conviction,] or [the s]exual [i]ntercourse with an [a]nimal charge[;] therefore, this [c]ourt did not use factors already included. Additionally, this [c]ourt did not abuse its discretion by considering the nature and severity and sheer amount of times this conduct occurred in its sentencing decision for the [s]exual [i]ntercourse with an [a]nimal charge. Even if the nature and severity were included, the fact that a child was subjected to this conduct is not included. Therefore, this [c]ourt has not abused its discretion.

TCO at 5-6.

We agree with the sentencing court. Clearly, the court had the discretion to consider the nature and circumstances of Appellant's offenses in fashioning his term of incarceration. See Commonwealth v. Walls, 926 A.2d 957, 966-67 (Pa. 2007) (concluding "that the sentencing court properly considered the nature and circumstances of the offense, … recognizing … the nature of the assaults, and the circumstances in which they occurred"). The court found that aggravated sentences were warranted due to Appellant's engaging in this criminal conduct on a daily basis for years, subjecting a child to his crimes, finding other adult men to commit the offenses with him, and only ceasing his criminal abuse of animals after the child contacted the police. Moreover, the record does not support Appellant's claim that the court sentenced him as if he had pled guilty to felony corruption of minors. Instead, the court took into account that Appellant had repeatedly exposed a minor child to his abhorrent offenses for years on end. The court balanced its decision to impose aggravated-range sentences for Appellant's convictions for sexual intercourse with animals by only sentencing him on only 78 of the 730 counts. As Appellant acknowledges, his "sentence clearly could have been much worse…." Appellant's Brief at 14. Given the rationale expressed by the court for fashioning Appellant's aggregate term of 20 to 41 years' incarceration, we discern no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/7/2020</u>