J-S30027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ANTHONY COLLINS | : | |
| Appellant | : | No. 3205 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 29, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007099-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ANTHONY COLLINS | : | |
| Appellant | : | No. 3206 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 29, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007100-2021

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 8, 2023**

Anthony Collins appeals from his judgments of sentence,[1] entered in the

Court of Common Pleas of Philadelphia County, following his conviction of

multiple sexual offenses committed on two minors sisters, N.E and N.L.  Collins

---

[1] Collins has complied with the dictates of **Commonwealth v. Walker**, 185
A.3d 969 (Pa. 2018), by filing separate notices of appeal for each trial court
docket number.  **See id.** (holding "where a single order resolves issues arising
on more than one docket, separate notices of appeal must be filed for each of
those cases").

was charged in two separate bills of information (CP-51-CR-0007099-2021 (Case 7099)[2] and CP-51-CR-0007100-2021 (Case 7100)[3]). The cases were tried together, resulting in an aggregate sentence of 10-20 years' incarceration and 12 years of probation. On appeal, Collins contends his sentence is "manifestly unreasonable and excessive," . . . "grossly disproportionate to [his] crimes" and [that it is not an . . . "individualized sentence [because the trial court] failed to consider [Collins'] background and solely focused on the nature of [the] offenses." Appellant's Brief, at 14-15. After careful consideration, we affirm on the basis of the trial court opinion.

Over the course of several years, Collins raped and sexually abused N.E. and N.L., while they were under the age of 13 and Collins was over the age of 25. Collins was a "family friend" who lived "on and off" with the victims' family for ten years. N.T. Waiver Trial, 4/11/22, at 78. Collins anally raped N.E. when she was five years old, and continued to sexually abuse her until she was eleven years old. At trial, N.E. testified that when she was five-years-old, Collins bent her over the basement banister and penetrated her anally with his penis. *Id.* at 64-65. N.E. also testified that Collins slapped her buttocks more than twenty times over the course of six years. *Id.* at 66-68. Collins sexually abused N.L. from the time she was four years old until she was twelve years old. *Id.* at 40, 42-43, 50-51 (N.L. testifying on separate occasions Collins masturbated in front of her, she woke to Collins feeling her

_____

[2] N.E. was the victim in Case 7099.

[3] N.L. was the victim in Case 7100

buttocks beneath her clothes, Collins put "his hands down [her] pants" while they were "hugging," and asked her to "spit into his hands" before he went into bathroom).  The abuse ended when the victims disclosed the events to their mother, S.L.[4]

Collins waived his right to a jury trial and was tried before the Honorable Jennifer Schultz on April 11, 2022.  N.E., N.L., S.L., and Collins testified at trial.  Following trial,[5] Collins was convicted of two counts each of corruption of minors-defendant age 18 or above[6] and indecent assault-person less than 13 years of age,[7] and one count each of rape of a child,[8] involuntary deviate sexual intercourse with a child (IDSI),[9] statutory sexual assault-11 years

_____

[4] After telling S.L. about the abuse, the victims were taken to the Philadelphia Special Victims Unit where they were given physical exams.  The victims also went to the Philadelphia Children's Alliance (PCA) where Colleen Getz, a forensic interviewer, interviewed them.  The PCA videotaped interviews were admitted as Commonwealth exhibits at trial.  Moreover, a comprehensive forensic interview summary for both victims, prepared in conjunction with the PCA video, was also entered as a Commonwealth exhibit at trial.

[5] Collins was acquitted of unlawful contact with a minor in Case 7099.

[6] 18 Pa.C.S. § 6301(a)(1)(ii).

[7] *Id.* at § 3126(A)(7).

[8] *Id.* at § 3121(C).

[9] *Id.* at  § 3123(B).

older,[10] and sexual assault.[11]   Prior to sentencing, the court ordered the preparation of a pre-sentence investigation report (PSI).

On July 29, 2022, Judge Schultz gave the following statement before imposing Collins' sentence:

> The things I have considered in making this sentence are the statutory factors that I'm required to consider, including the need for the protection of the public, the gravity of the offense in relation to the impact on the victims' li[ves] and the community[,] and the rehabilitative needs of Mr. Collins.
>
> I have also considered the information submitted to me in preparation for sentencing, which I have carefully reviewed, including the [PSI], an investigation of [Collins'] prior record score, [a] mental health evaluation[,] and the S[exual] O[ffender] A[ssessment] B[oard] evaluation.
>
> I have also considered the statements made by the Commonwealth and the defense at this hearing, the statements made by or on behalf the victim[,] including the victim statement that was read into the record during this hearing, although, with the caveat that the [c]ourt will not consider and has not considered any suggestion about sentence the victim made in th[at] statement and also considering the victims' testimony during trial.   I have also considered the Commonwealth's sentencing guidelines.[12]
>
> The [c]ourt has prepared and [re]viewed the sentencing guideline form for each offense.  We have already provided those to counsel.

_____

[10] **Id.** at § 3122.1(B).

[11] **Id.** at § 3124.1.

[12] Collins' prior record score was listed as 0 and his offense gravity scores for each crime were listed as follows:  14 (rape); 14 (IDSI); 11 (sexual assault); 9 (statutory sexual assault); 6 (corruption of minors); and 6 (indecent assault).

* * *

[W]e did consider the fact that [Collins] did hold a . . . position of trust with this family and with these particular victims.

And I think that that speaks to the additional harms . . . caused [to] the victims.  And I think that the over[arching] issue for figuring out punishment is not so much need for rehabilitation as it is the harms to the victims and the serious nature of these offenses.

**Although, we did consider rehabilitative needs as well.**

N.T. Sentencing Hearing, 7/29/22, at 30-33 (emphasis added).  Following this statement, the court sentenced Collins as follows:

**<u>Case 7099</u>**

Rape (child under age of 13):  9-18 years' incarceration with 10-year probationary tail

IDSI:  9-18 years' incarceration, with 10-year probationary tail

Indecent Assault:  3-12 months' incarceration, with 2-year probationary tail

Statutory Assault:[13]  12-14 months' incarceration, with 8-year probationary tail

Corruption of Minors:  3-12 months' incarceration, with 2-year probationary tail

**<u>Case 7100</u>**

Corruption of Minors:  12-24 months' incarceration, with 2-year probationary tail

Indecent Assault:  12-24 months' incarceration, with 2-year probationary tail.

---

[13] For purposes of sentencing, Collins' sexual assault conviction merged with his statutory sexual assault conviction.

*Id.* at 33-39. The court imposed standard-range sentences on each of the crimes in Cases 7099 and 7100. Judge Schultz ordered each custodial and probationary sentence within each Case to run concurrent with the others. The custodial and probationary sentences in Case 7100 were ordered to run consecutive to the sentences in Case 7099. Finally, the court issued a stay-away order against Collins with regard to the victims and S.L.[14]

Collins filed a timely motion for reconsideration challenging the excessiveness of his sentence, the consecutive nature of his sentences in the two Cases, and claiming that the trial court "double counted" factors already accounted for in the guidelines. Following a hearing, the trial court denied reconsideration. Collins then filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following issues for our consideration:

(1) Did not the sentencing court violate the requirements of 42 Pa.C.S. § 9721(b) of the Sentencing Code[,] which states that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant, as the [trial] court seemed to exclusively focus on [Collins'] criminal conduct rather than his rehabilitative needs[15] and mitigating circumstances?

---

[14] Although Collins was classified as a Tier 3 sex offender, his registration obligation was stayed pending resolution of *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020), which addressed whether Subchapter H of the Sex Offender Registration and Notification Act (SORNA) is unconstitutional.

[15] Ironically, at sentencing, defense counsel repeatedly claimed that Collins' need for rehabilitation was low due to his "very low" likelihood of reoffending. *See* N.T. Sentencing Hearing, 7/29/22, at 18-19, 22.

> (2)   Was not the [trial] court's sentence violative of the precepts of the Pennsylvania Sentencing Code, and contrary to the fundamental norms underlying the sentencing process, and therefore was it not manifestly unreasonable, excessive, and an abuse of discretion?

Appellant's Brief, at 4.

Collins' claims implicate the discretionary aspects of his sentence.[16] Such a challenge is not appealable as of right. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). In order to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [Collins] preserved his issue; (3) whether [Collins'] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

---

[16] Our standard of review of a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which[,] in this context, is not shown merely to be an error in judgment; rather[,] the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shull*, 148 A.3d 820, 832 (Pa. Super. 2016).

***Commonwealth v. Colon***, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Collins has satisfied the first three ***Colon*** requirements. Further, we find that he has presented substantial questions to invoke our appellate review of his claims. ***Commonwealth v. Caldwell***, 117 A.3d 768 (Pa. Super. 2015) (en banc); ***Commonwealth v. Allen***, 24 A.3d 1058 (Pa. Super. 2011).

After reviewing the certified record, the parties' briefs, and relevant case law and statutes, we affirm Collins' judgments of sentence based upon the well-written opinion authored by Judge Schultz. ***See*** Trial Court Opinion, 4/5/23, at 5-7 (court considered "plethora of information," including PSI, mental health evaluation, SOAB assessment, relevant sentencing guidelines, and made probing inquiries during sentencing hearing in attempt to "gather as much information as possible" to understand Collins' background and possible mitigating factors before imposing sentence); ***id.*** at 9-12 (where victims in two separate cases involved minors being sexually abused for more than six years, court's decision to run standard-range sentences in one case consecutive to sentences in other case not "unreasonable, disproportionate, or excessive"). We instruct the parties to attach a copy of Judge Schultz's opinion in the event of further proceedings in the matter.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/8/2023</u>

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP–51–CR–0007099–2021 |
| | : | CP–51–CR–0007100–2021 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| ANTHONY COLLINS | : | 3205 EDA 2022 |
| | : | 3206 EDA 2022 |
| | : | |

**O P I N I O N**

SCHULTZ, J.

Mr. Collins appeals his sentences in two consolidated cases, wherein he received an aggregate sentence of 10-20 years incarceration followed by 12 years of probation. Upon a full review of Mr. Collins' claims, the Court considered all the statutory factors required by 42 Pa.C.S.A. § 9721(b), the Court did not double-count the seriousness of the offense, and the Court did not abuse its discretion in ordering the sentences to run consecutively, and the resulting aggregate sentence was neither unreasonable nor excessive.

**FACTUAL BACKGROUND**

Because this matter is now on appeal, all facts and inferences are stated in favor of the Commonwealth. Mr. Collins was convicted of committing various sexual offenses against two sisters, N.E. and N.L., while they were both under the age of 13. He lived off and on in the household with them since they were born. N.T., 04/11/2022, at 63-64 (N.E.); N.T., 04/11/2022, at 39 (N.L.).

**FILED**

APR 15 2023

Appeals/Post Trial
Office of Judicial Records

1

### 1. Factual Background for CP–51–CR–0007099–2021

Mr. Collins raped the complaining witness, N.E., while she was between the ages of three and five years old. N.T., 04/11/2022, at 64. While they were in the basement, Mr. Collins bent N.E. over a banister and penetrated her anally with his penis. Id., at 65-66.

### 2. Factual Background for CP–51–CR–0007100–2021

Mr. Collins also engaged in a series of sexually inappropriate events with N.E.'s sister, complaining witness, N.L., while she was between the ages of four and twelve. N.T., 04/11/2022, at 39, 52-53. When N.L. was four years old, she woke up to find Mr. Collins calling her name and masturbating in front of her. Id., at 40. Mr. Collins' hand was moving back and forth on his penis. Id., at 41. In another incident when she was four, N.L. woke up to feel Mr. Collins her buttocks beneath her clothes. Id., at 42.

When N.L. was twelve years old, N.L. woke up to find Mr. Collins' "hugging" her while she was lying in bed. Id., at 50-51. Their bodies were facing each other, and Mr. Collins' hands were underneath N.L.'s clothes, touching her buttocks. Id. In another incident that took place when N.L. was twelve years old, Mr. Collins asked her to spit into his hands. Id., at 43. Not feeling comfortable with the request, N.L. compromised by spitting in a measuring cup. Id. Mr. Collins then took the cup and went into the bathroom. Id.

### PROCEDURAL HISTORY

Mr. Collins was charged in two separate bills of information. In CP-51-CR-7099-2021, related to complaining witness N.E., Mr. Collins was charged with rape of a child, involuntary deviate sexual intercourse (IDSI) with a child, unlawful contact with a minor - sexual offenses, statutory sexual assault, sexual assault, corruption of a minor, and indecent assault of a person

2

less than 13 years of age. In CP-51-CR-7100-2021, related to complaining witness N.L., Mr. Collins was charged with unlawful contact with a minor - sexual offenses, corruption of a minor, and indecent assault of a person less than 13 years of age. The cases were tried together as a bench trial. In CP-51-CR-7099-2021, Mr. Collins was found guilty on all charges except unlawful contact with a minor.[1] In CP-51-CR-7100-2021, Mr. Collins was found guilty of corruption of a minor and indecent assault of a person less than 13 years of age.

In preparation for sentencing, the Court ordered a pre-sentence investigation (PSI), a mental health evaluation, and an assessment by the Sex Offender Assessment Board (SOAB). All of those reports were completed and filed with the Court. N.T., 07/29/2022, at 4. Neither the Commonwealth not Defense submitted any written materials to the Court in advance of sentencing. The Court prepared the Guideline Sentence Form for each offense. Id. at 31, see also Court's Ex. 1, 07/29/2022.

On July 29, 2022, the Court conducted a sentencing hearing. At the conclusion of the hearing, the Court sentenced Mr. Collins to an aggregate sentence of ten (10) to twenty (20) years of incarceration followed by twelve (12) years of probation. Within each case, the incarceration sentences were concurrent and the probationary sentences were concurrent. The sentences in 7100-2021 were to run consecutive to the 7099-2021 sentence. The following chart shows the Guideline recommended minimum sentences and the actual sentences the Court imposed on Mr. Collins.

---

[1] The Court granted judgment of acquittal on the unlawful contact with a minor charge in CP-51-CR-7099-2021.

| CP-51-CR-7099-2021 | | | | |
|---|---|---|---|---|
| | | **Sentence** | | |
| **Offense** | **Guideline Recommended Minimum** | **Incarceration** | **Probation** |
| Rape of a child | 72 - 240 ± 12 | 108 - 216 months | 10 years |
| IDSI with a child | 72 - 240 ± 12 | 108 - 216 months | 10 years |
| Statutory sexual assault | 12 - 24 ± 12 | 12 - 24 months | 8 years |
| Sexual assault | 36 - 54 ± 12 | No sentence - merged w/ statutory assault | |
| Corruption of a minor | 3 - 12 ± 6 | 3 - 12 months | 2 years |
| Indecent assault | 3 - 12 ± 6 | 3 - 12 months | 2 years |

| CP-51-CR-7100-2021 | | | | |
|---|---|---|---|---|
| | | **Sentence** | | |
| **Offense** | **Guideline Recommended Minimum** | **Incarceration** | **Probation** |
| Corruption of a minor | 3 - 12 ± 6 | 12 - 24 months | 2 years |
| Indecent assault of a person less than 13 years of age | 3 - 12 ± 6 | 12 - 24 months | 2 years |

On August 5, 2022 Defense filed a motion for reconsideration of the sentence. Following a hearing, the Court denied the motion on November 14, 2022.

Defense timely filed a Notice of Appeal on December 14, 2022. The Court issued an Order pursuant to Pa. R. Crim. P. 1925(b) on January 9, 2023. Defense filed a timely Statement of Errors Complained of on Appeal on January 30, 2023, and presented the following issues:

1. This court erred as a matter of law and abused its discretion in imposing the instant sentence as the Court's sentence failed to comply with the requirements of 42 Pa.C.S.A. §9721 and was unreasonable, as the Court seemed to exclusively focus on defendant's criminal conduct rather than his rehabilitative needs or mitigating circumstances. This court failed to adequately examine and investigate the defendant's background, character

and rehabilitative needs with the goal of imposing an individualized sentence.

2. Defendant also asserts that by sentencing him to consecutive sentences, this Court imposed a sentence that is grossly disproportionate to the defendant's crimes and failed to consider the defendant's background, character, and rehabilitative needs, the sentence is contrary to the fundamental norms which underlie the sentencing process and fails to account for individualized sentencing, thus making it unreasonable and excessive.

3. The Court improperly engaged in the double counting in determining the sentence by counting both the seriousness of the offense for guideline purposes and by seemingly looking exclusively at the conduct in fashioning its sentence.

Stmt. of Errors Complained of on Appeal, January 30, 2023.

## DISCUSSION

To simplify the legal issues raised in the Statement of Errors Complained of on Appeal, the Court will frame the issues as follows:

1. Whether the Court failed to weigh the factors required under 42 Pa.C.S.A. § 9721(b).

2. Whether the Court improperly double-counted the seriousness of the offense in crafting the sentences.

3. Whether the Court abused its discretion when ordering the sentence in 7100-2021 to run consecutive to the sentence in 7099-2021, and whether the resulting aggregate sentence was unreasonable and/or excessive.

The Court will address each of these issues in turn.

### 1) The Court considered all the statutory factors required by 42 Pa.C.S.A. § 9721(b).

Under 42 Pa.C.S.A. § 9721(b), the Court is required to consider multiple factors when crafting a sentence of confinement. "The sentence imposed should call for confinement that is

5

consistent with the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Defense contends that the Court failed to do so, and instead suggests that the Court focused solely on the gravity of the offense.

Defense's argument ignores the Court's statement at the beginning of the explanation of the sentences:

> The things that I have considered in making this sentence are the statutory factors that I'm required to consider, including the need for the protection of the public, the gravity of the offense in relation to the impact on the victims' life and the community, and the rehabilitative needs of Mr. Collins.

N.T., 07/29/2022, at 30.

Defense's argument is likely based on the Court's statement later in the same explanation that "the overarching issue for figuring out punishment is not so much need for rehabilitation as it is the harm to the victims and the serious nature of these offenses. Although, we did consider rehabilitative needs as well." N.T., 07/29/2022, at 32 – 33; see also Ct. Order March 31, 2023 (correcting transcription error). Defense seems to misinterpret the Court's statement as exclusively focusing on the harm to the victims and the gravity of the offenses. This interpretation ignores the plain meaning of the term overarching. Something being "overarching" does not mean that it is all-encompassing to the exclusion of all other considerations. It merely means that it is something that influences every part. See Britannica Dictionary, available at: https://www.britannica.com/dictionary/overarching#. In the present case, the impact on the victims and gravity of the offenses were the strongest factors for sentencing, but not the only factors. The Court makes this clear in the next sentence during the sentencing hearing, "we did consider rehabilitative needs as well." N.T., 07/29/2022, at 33.

6

Furthermore, the record demonstrates a plethora of information about Mr. Collins was considered by to the Court as part of the sentencing process. When the Court possesses a pre-sentence investigation report (PSI), it is presumed that the Court considered and weighed all the relevant information the report contained, as well as the statutory mitigating factors. Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988)). "It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." Id. At Mr. Collins' sentencing, the Court had available the PSI, the mental health evaluation, and the SOAB assessment. N.T. 07/29/2022, at 30. Going beyond the mere presumption, the Court specifically stated that it "carefully reviewed" the PSI, the mental health evaluation, the and the SOAB assessment. Id. Furthermore, the Court's inquiries during the sentencing hearing demonstrate that the Court was attempting to gather as much information as possible to understand the full picture of Mr. Collins' background, possible mitigating facts, and potential rehabilitative needs, "...he declined to participate in the [mental] health evaluation and the PSI. Is there any additional information that you would like the Court to know at this point that would ordinarily come through those reports?" Id., at 23.

**2) The Court did not double-count the seriousness of the offense.**

Next, Defense argues that the Court improperly engaged in "double-counting" by considering the seriousness of the offense via the guidelines, and then again by "looking exclusively at the conduct in fashioning its sentence." Stmt. Of Errors Complained of on Appeal, January 30, 2023. Defense's argument fails on several fronts.

First, as explained above, the Court did not focus exclusively on Defendant's conduct when fashioning the sentences. The Court had the benefit of the PSI, the mental health evaluation, the SOAB assessment, statements made by the Commonwealth and Defense at the

7

sentencing hearing, and one of the victim's statements which was read into the record at the hearing. N.T., 07/29/2022, at 30-31. As discussed more fully in the previous section, because the Court had those reports, it is presumed that the Court considered all of the information therein when crafting the sentences. Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988). Moreover, the Court expressly stated that the contents of those documents were reviewed and considered in crafting the sentences. N.T., 07/29/2022, at 30-31.

Second, the term "double-counting" is not appropriately applied to the present situation. Double-counting is a practice where the sentencing judge deviates from the standard guideline range on the basis of a factor that is already considered in the Guidelines. "[S]entences should not be aggravated or mitigated for circumstances incorporated in other provisions of the Guidelines,...." See, e.g., Commonwealth v. Bartlow, 512 A.2d 34, 446 (Pa. Super 1986) (quoting Sentencing Guideline Implementation Manual, 15). While the case law predominantly talks about double-counting in the context of prior record score, it is equally applicable to offense gravity score. As the Sentencing Guidelines state:

> The sentencing guidelines provide sanctions proportionate to the severity of the crime and the severity of the offender's prior record score. This establishes a sentencing system with a primary focus on retribution, but one in which the recommendation allow for the fulfillment of other sentencing purposes including rehabilitation, deterrence, and incapacitation.

204 Pa. Code § 303.11(a) 7th Ed., amend. 1 (Sept. 27, 2013). Therefore, the seriousness of the offense and the impact on the victims are circumstances which are incorporated into the Guidelines and should not form the basis to mitigate or aggravate a sentence from the standard guideline range.

That being said, the Court did not engage in such double-counting. The Court gave a standard guideline sentence for each and every conviction. See Table *supra* at 4. Moreover, the

8

total aggregated sentence is still well within the guidelines for the top charges of rape of a child and IDSI with a child. Since the Court followed the Guidelines, it cannot be said that the Court double-counted the nature of the crime – it was appropriately factored into the guideline recommendation, which the Court followed when crafting the sentences. The Court agreed with the Guideline analysis and chose to follow the guideline recommendations.

With regard to the Court's decision to order the sentences in the two cases to run consecutive rather than concurrent, the Guidelines do not address such situations. The Guidelines only advise a sentencing court on how to address a particular crime. The Guidelines are silent regarding questions of multiple crimes, multiple victims, multiple cases, and decisions of concurrent verses consecutive sentences. Therefore, the Court taking into account that there were multiple crimes committed against different victims is not double-counting.

### 3) The Court's order of consecutive sentences was not an abuse of discretion and the resulting aggregate sentence was neither unreasonable nor excessive.

Defense argues that by imposing consecutive sentences, the Court subjected Mr. Collins to an excessive, unreasonable, and grossly disproportionate sentence. In the hearing for the Motion for Reconsideration, Defense conceded that the Court's sentence for each count was within the standard guideline range for the respective count. N.T., 11/14/2022, at 23-25. "Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." Commonwealth v. Hill, 210 A.3d 1104, 1117 (Pa. Super. 2019). Even in the aggregate, the total sentence is still within the standard guideline range for the top charges of rape of a child and IDSI with a child. N.T., 11/14/2022, at 24-25. Defense's only objection is that the Court ordered the sentences in 7100-2021 to run

9

consecutive to rather than concurrent with in the sentences in 7099-2021. Defense's claim fails for several reasons.[2]

The sentencing court has discretion to impose consecutive sentences rather than concurrent sentences. Commonwealth v. Zirkle, 170 A.39 127, 133 (Pa. Super. Ct. 2014). Sentencing is a matter solely considered by the trial court, and the trial judge should determine, based on the specific facts of each case, whether a sentence shall run consecutively or concurrently with another sentence. Commonwealth v. Lilley, 978 A.2d 995, 998 (Pa. Super. Ct. 2009).

Here, the Court sentenced Mr. Collins to concurrent sentences within each case, but ordered that the sentences for 7100-2021 should run consecutive to 7099-2021. There are several factors that weighed in favor of consecutive sentences: (1) Mr. Collins was convicted of crimes in two separate cases; (2) there were two separate victims; and (3) the offenses in each case were committed separately from the other case and were not under a single chain of events. N.T., 11/14/2022, at 26.

Defense's contention that the sentences were "grossly disproportionate to his crimes" is without merit. In 7099-2021, Mr. Collins was convicted of rape of a child and IDSI with a child. The underlying facts are that his victim was no older than 6 years old at the time of assault and that he penetrated her anally with his penis while she was in her home and under Mr. Collins'

---

[2] As an initial matter, appellate view of the discretionary aspects of the Court's sentence is not an appeal of right. Pursuant to Commonwealth v. Hoch, such appeals should be viewed as petitions for permission to appeal. 936 A.2d 515, 517–18 (Pa. Super. Ct. 2007). Prior to granting said appeals, the petitioner needs to satisfy a four-prong test outlined in Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. Ct. 2010):

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

Challenges to the Court's exercise of its discretion in ordering sentences to run consecutive rather than concurrent fails the substantial question prong of the aforementioned test. Commonwealth v. Lloyd, 878 A.2d 867, 873 (Pa. Super. Ct. 2005).

10

care. For that offense, the Court ordered a sentence of 9 to 18 years of incarceration, which was within the lower half of the standard guideline range and which was far less than the statutory maximum of 40 years. In 7100-2021, Mr. Collins was convicted of indecent assault of a person less than 13 years of age. The underlying facts are that he repeatedly fondled his victim's buttocks while she was sleeping and masturbated in front of her. For that offense, the Court ordered a sentence of 12 to 24 months of incarceration, which was within the standard guideline range and which was far less than the statutory maximum of 84 months. The Guidelines, via the offense gravity score, provide guidance to the Court on what is a proportionate sentence given the severity of a particular crime. 204 Pa. Code § 303.11(a) 7th Ed., amend. 1 (Sept. 27, 2013). The Court, in following the Guidelines, crafted such a proportionate sentence.

Defense also argues that the Court failed to consider the defendant's background, character, and rehabilitative needs, which resulted in an excessive sentence which was not individualized to Mr. Collins. As discussed above, the Court considered all the statutory factors required by law before imposing the sentence on Mr. Collins. See Discussion, *supra* at 5. In weighing those factors, the Court had a plethora of information about Mr. Collins' background and character found in the PSI, the mental health report, and the SOAB assessment. In addition, at the sentencing hearing the Court also heard and considered statements from the Defense Counsel.[3] N.T., 07/29/2022, at 30-31.

Notably, although Defense now suggests the Court failed to consider rehabilitative needs of Mr. Collins, at the sentencing hearing, the Defense itself argued that no rehabilitation was needed. Id., at 19 ("his need for rehabilitation is, in my opinion, is kind of low."). The Court

---

[3] Mr. Collins elected not to provide a statement himself on the advice of counsel and on the basis that he maintains his innocence. N.T., 07/29/2022, at 16 - 17, 29. The Court did not hold this decision against Mr. Collins when crafting the sentences. Id., at 32.

11

even attempted to elicit additional possible mitigating factors from Defense Counsel at the hearing. Id., at 23 ("...[defendant] declined to participate in the [mental] health evaluation and the PSI. Is there any additional information that you would like the Court to know at this point that would ordinarily come through those reports?") In short, Defense offered no specific suggestions on what rehabilitative measures would be effective, other than to argue that Mr. Collins simply won't do it again. Id., at 18 & 22. The Court also disagrees with Defense's characterization of the offenses as isolated events in Mr. Collins' life. These crimes were not a single act. He had multiple sexual contacts with the victims over a course of at least eight years.

The Court did consider rehabilitative needs of Mr. Collins, but, ultimately, by defendant's own admission, there was little that could be done in that regard. Thus, while rehabilitative needs factor was considered, when weighed along with the other statutory factors, the seriousness of the crime was a much stronger factor in the present case. Defense's claim that the Court did not weigh the statutory factors as the Defendant wishes does not amount to an appealable error. Commonwealth v. Zirkle, 170 A.3d 127, 133 (Pa. Super. Ct. 2014).

## CONCLUSION

Based on the foregoing, the Court considered all of the statutorily required factors as part of the sentencing, the Court did not engage in double-counting, and the Court's exercise of its discretion in ordering the sentence in 7100-2021 to run consecutive to the sentence in 7099-2021 was neither unreasonable nor excessive.

BY THE COURT:

JENNIFER SCHULTZ, J.

12